AMERICAN GAS STATIONS, INC., Appellant, *v.* " JOHN DOE," as President, and " RICHARD ROE," as Treasurer, of Sheet Metal Workers International Association, Local No. 137, and Others, Respondents.

Second Department, March 12, 1937.

*Irving Schneider,* for the appellant.

*David I. Ashe,* for the respondents.

PER CURIAM. The action is for a permanent injunction restraining defendants from picketing the plaintiff's place of business. The plaintiff's motion for an injunction *pendente lite* was denied and defendants' cross-motion to dismiss the complaint was granted.

In our opinion, the action does not involve a labor dispute within the meaning of section 876-a, subdivision 10, of the Civil Practice Act. The plaintiff owns and maintains the gas station at the corner of Atlantic and Brooklyn avenues, Brooklyn. The sign was hung on the station on November 21, 1936, having been ordered about a month before. Thereafter defendants commenced picketing, with signs bearing the legend " Signs Erected on These Premises Unfair to Union Labor." The premises where the sign was erected were picketed and the five other places of business of plaintiff were likewise picketed, although some of the signs on the other stations have been erected as long as six years. Plaintiff is not now, nor was it at the time the action was instituted, engaged in erecting any signs. Nor is it engaged in the manufacture or sale of signs, the signs in use being to advertise its gasoline and oil business. It may be that the servicing of the signs is by non-union labor, but, as heretofore indicated, no work was being done at the time the action was commenced. The defendants had no controversy with plaintiff nor with plaintiff's employees. They do not claim that they want to better the labor conditions of the plaintiff's employees nor that there is any controversy with the plaintiff concerning terms or conditions of labor nor that there is any dispute with the plaintiff arising out of the respective interests of employer and employee. Furthermore, it is our opinion that the clear intent of the Legislature is that the controversy must be one in which the plaintiff is concerned, or at least that the plaintiff be engaged in the same industry trade, craft or occupation in which the dispute occurs.

In view of our opinion that this is not a labor dispute within the meaning of section 876-a of the Civil Practice Act, the constitutionality of that section need not be determined here.

That part of the order which denies plaintiff's motion for an injunction *pendente lite* should be affirmed, without costs, and that part thereof which grants defendants' cross-motion to dismiss

the complaint should be reversed on the law and the facts, without costs, and the motion denied, without costs, with leave to defendants to answer within ten days from the entry of the order to be entered on the court's decision.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Order, in so far as it denies plaintiff's motion for an injunction *pendente lite*, affirmed, without costs. In so far as it grants defendants' cross-motion to dismiss the complaint, the order is reversed on the law and the facts, without costs, and the motion denied, without costs, with leave to defendants to answer within ten days from the entry of the order hereon.