H. WILLIAM THOMPSON, Doing Business under the Name of LYRIC THEATRE, Respondent, *v.* FRED BOEKHOUT et al., Appellants

Argued March 3, 1937; decided March 23, 1937.

*Norman A. O'Brien* for appellants. The controversy was a labor dispute or grew out of a labor dispute and was governed by section 876-a of the Civil Practice Act.

(*United Electric Coal Co.* v. *Rice*, 80 Fed. Rep. [2d] 1; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *People ex rel. Bockes* v. *Wemple*, 115 N. Y. 302; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *J. H. & S. Theatres* v. *Fay*, 260 N. Y. 315; *American Furniture Co.* v. *I. B. of T. C. & H. of A. Chauffeurs, etc.*, 268 N. W. Rep. 250; *Senn* v. *Tile Layers Protective Union*, 268 N. W. Rep. 270; *Kansas* v. *Personetta*, 114 Kan. 680; *Tri-City Central Trades Council* v. *American Steel Foundries*, 238 Fed. Rep. 728; *Iron Moulders Union* v. *Allis-Chalmers Co.*, 166 Fed. Rep. 45.)

*Jeremiah T. Mahoney* and *William E. Goldman* for International Longshoremen's Association et al., *amici curiæ*. The controversy between plaintiff and defendants involves a labor dispute within the purview of section 876-a of the Civil Practice Act. (*Wallace Co.* v. *International Assn.*, 63 Pac. Rep. [2d] 1090; *Levering & Garrigues Co.* v. *Morrin*, 71 Fed. Rep. [2d] 284; *Miller Parlor Furniture Co.* v. *Furniture W. I. Union*, 8 Fed. Supp. 209; *Cinderella Theatre Co.* v. *Sign Writers' Local Union*, 6 Fed. Supp. 164; *American Furniture Co.* v. *I. B. of T. C. & G. of A.*, 268 N. W. Rep. 250; *Scofes* v. *Helmar*, 205 Ind. 596; *Wisconsin State Federation* v. *Simplex Shoe Mfg. Co.*, 215 Wis. 623; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Bossert* v. *Dhuy*, 221 N. Y. 342; *Nann* v. *Raimist*, 255 N. Y. 307; *J. H. & S. Theatres* v. *Fay*, 260 N. Y. 315; *Tri-City Central Trades Council* v. *American Steel Foundries*, 238 Fed. Rep. 728; *Iron Moulders Union* v. *Allis-Chalmers Co.*, 166 Fed. Rep. 45.)

*Nicholas J. Weldgen* for respondent. No labor dispute was involved and section 876-a of the Civil Practice Act has no application. (*Remington-Rand, Inc.*, v. *Crofoot*, 248 App. Div. 356; *LaRose* v. *Possehl*, 156 Misc. Rep. 476; *Lauf* v. *Shinner*, 82 Fed. Rep. [2d] 68; *Scavanger Service Corp.* v. *Courtney*, 85 Fed. Rep. [2d] 825; *Safeway* v.

*Retail Clerks Union*, 184 Wash. 322; *American Foundry* v. *Tri-City Council*, 257 U. S. 184.)

*Per Curiam.* The application of section 876-a of the Civil Practice Act is confined to injunctions in cases " involving or growing out of a labor dispute." The Legislature has in the same section defined " labor disputes." That definition makes clear the intent of the Legislature to subject injunctions issued in disputes involving or growing out of the relations of employer and employee to special regulations deemed appropriate to the nature of such disputes. Where the owner of a small business seeks to avoid " labor disputes " as defined in the statute, by running his business without any employees, an attempt to induce or coerce him to hire an employee or employees, upon terms and conditions satisfactory to persons associated in such attempted inducement or coercion is not a " labor dispute " within the letter or spirit of the statutory definition. We hold that the statute has no application in this case. For that reason we do not consider the respondent's contention that the statute is not valid.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.