B. GERTZ, INC., Plaintiff, *v.* CARL RANDAU, as President, and MILTON KAUFMAN, as Secretary of New York Newspaper Guild, and Others, Defendants.

Supreme Court, Special Term, Queens County, April 17, 1937.

*Austin & Dupont [Albert A. Dupont* of counsel], for the plaintiff.

*Harold L. Klein [Joseph Goodwin* of counsel], and *Isserman & Isserman [Abraham J. Isserman* of counsel], for the defendants.

*Charles Belous,* appearing generally for certain parties.

MAY, J. This is an application for a temporary injunction to prevent the defendant union and its individual members from picketing the premises and interfering with the customers and business of the plaintiff, a large department store. It appears that there is a labor dispute between one of the daily newspapers published in Jamaica and certain of its employees, and that the latter are members of the defendant union. It further appears that the only visible connection between the plaintiff and any of the persons involved in such labor dispute is that the plaintiff has a contract with such newspaper to use a specified minimum amount of advertising space in its columns. Why plaintiff should become involved in the controversy and why its business should be subjected to the hazards of picketing and other forms of interference and appeal commonly involved in such labor disputes is not apparent, and yet it satisfactorily appears that the plaintiff was subjected to the annoyance of the device known as mass picketing and to clearly implied, if not direct, appeals to plaintiff's customers to cease patronizing plaintiff because it happens to be an advertiser in the newspaper in question. If the appeal were an attempt merely to influence plaintiff in its relationship with such newspaper, it would obviously be illegal, as such relationship could only be changed by a breach of its contract hereinabove referred to. Defendants' arguments, to the contrary, do not impress me nor does defendants' claim that this is a labor dispute within the purview and provisions of section 876-a of the Civil Practice Act. (See *American Gas Stations, Inc.,* v. " *John Doe,*" 250 App. Div. 227. See, also, opinion rendered by me in *Grandview Dairy, Inc.,* v. *O'Leary,* 158 Misc. 791.)

Defendants' argument that the union has the right to advise the public of its grievances against the said newspaper, while true, is specious when it involves an interference with property rights of others. It is too obvious to require argument that the means adopted herein constitute a subterfuge or device to bring its actions within the law. By no stretch of the imagination can the action of the union involved be interpreted in any way other than that the pickets used marched to and fro in front of plaintiff's premises in numbers aggregating twenty or thereabouts, not for the purpose

of advising the public of its grievances against the newspaper, but to exert pressure, which became tantamount to duress, by interfering with the plaintiff's business.

The application for a temporary injunction is granted. Injunction order signed.