GEORGE F. STUHMER & COMPANY, Respondent, v. LOUIS KORMAN, as Treasurer of Bakery & Confectionery Workers International Union of America, Local 505, MORRIS JANOFSKY, as Treasurer of Bakery & Confectionery Workers International Union of America, Local 507, and JOHN H. HESSE, as President of the Joint Executive Board, Bakery & Confectionery Workers International Union of America, Defendants. In the Matter of the Application to Punish for a Civil Contempt of Court LOUIS KORMAN, etc., and Others. LOUIS KORMAN, Individually, MAX KRALSTEIN, MAX CITRIN, SAMUEL WALTER, HYMAN GREENBERG, DAVID KRALSTEIN, ADOLPH SIDINER, LOUIS BECKERMAN, PHILIP HERSHKOWITZ, ABRAHAM BECKER, WILLIAM KNOPF, ISIDORE FROIM, MAX LERNER and SAMUEL WEISS, Appellants.— On July 31, 1932, plaintiff obtained a judgment permanently enjoining defendants from the commission of certain acts recited therein. Plaintiff, claiming that since September 1, 1937, defendants have violated the judgment and have failed to comply with its terms, moved for an order adjudging that the defendants be punished as for a civil contempt. Defendants, who admitted they were served with the moving papers, claim that, pursuant to the provisions of section 882-a of the Civil Practice Act and section 753-a of the Judiciary Law, they were entitled as matter of right to a jury trial. The Special Term held that the statutes did not apply to the violation of a permanent injunction but only to the violation of an *ex parte* or temporary injunction and referred the matter to an official referee to take proof and to report with his conclusions as to whether certain of the defendants had been served with the moving papers and whether the other defendants had violated the provisions of the judgment. Certain defendants appeal from the order in so far as it refers to the official referee the question as to whether they

violated the judgment. In our opinion the statutes apply to a permanent as well as to a temporary injunction. This the respondent concedes. We also hold the judgment grew out of or involved a labor dispute within the meaning of the statutes and the defendants are entitled to a jury trial. (*Hydrox Ice Cream Co., Inc.*, v. "*John Doe*," 250 App. Div. 770; *American Furn. Co.* v. *I. B. of T. C. & H. of A.*, etc., 222 Wis. 338; 268 N. W. 250; *Wallace Co.* v. *International Assn.*, etc., 155 Ore. 652; 63 P. [2d] 1090.) In so far as *United Electric Coal Companies* v. *Rice* (80 F. [2d] 1); *Lauf* v. *Shinner & Co.* (82 id. 68), and *Safeway Stores, Inc.*, v. *Retail Clerks' Union* (184 Wash. 322; 51 P. [2d] 372), cited by respondent, hold to the contrary, we do not follow them. *Thompson* v. *Boekhout* (273 N. Y. 390) and *American Gas Stations, Inc.*, v. "*John Doe*" (250 App. Div. 227), where it was held a labor dispute was not involved, are readily distinguished from the instant case. Order, in so far as it refers to an official referee the question whether such defendants as were served violated the judgment, modified by striking out such provision and by providing that such issue be tried by a jury pursuant to section 882-a of the Civil Practice Act, and section 753-a of the Judiciary Law, and as so modified affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements to appellants. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.