BORO PARK SANITARY LIVE POULTRY MARKET, INC., and PAULINE KERSHNAR and Others, Doing Business under the Firm Name and Style of KERSHNAR BROS., Respondents, *v.* MAX HELLER, President, SAMUEL LEWIS, Secretary, and SAM COHEN, Treasurer, and the Members of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS OF AMERICA, LOCAL UNION No. 167, Affiliated with the American Federation of Labor, Appellants.

Second Department, April 3, 1939.

Leon Herzfeld [Arthur C. Mandel and Lester B. Lipkind with him on the brief], for the appellants.

Stanley M. Dorman [Eugene Frederick Roth with him on the brief], for the respondents.

CARSWELL, J. A wholesale and retail market for the sale of live and slaughtered poultry is conducted at 1331 Thirty-ninth street, Brooklyn, N. Y. It is operated, professedly in the name of the corporate plaintiff, by the five individual plaintiffs, who are its sole stockholders. They also profess to operate under the name of Kershnar Bros.

The corporation and these individuals brought an action against the officers of a teamsters' union and the members thereof for a permanent injunction. They sought to restrain picketing and a representation that a labor dispute existed. They moved for an injunction pendente lite. Defendants made a cross-motion to dismiss the complaint. A temporary injunction was granted. The motion to dismiss the complaint was also granted, so far as the individual plaintiffs were concerned, without costs, but denied as to the corporate plaintiff. Defendants appeal from the order in so far as it grants injunctive relief, denies the motion to dismiss the complaint as to the corporate plaintiff, and grants the motion to dismiss the complaint of the individual plaintiffs without costs.

The Special Term held that the cause of action pleaded belonged to the corporation and not to the individual plaintiffs, and that no " labor dispute " existed within the meaning of section 876-a of

the Civil Practice Act, and compliance with the latter section was unnecessary. The theory adopted was that this was a small business, operating without employees, and consequently not within the terms of that section. If this view is correct, the order should be affirmed. If, however, a " labor dispute " exists within the purview of that section, then the motion for an injunction should have been denied and the motion to dismiss the complaint granted.

What constitutes a " labor dispute " is to be determined by the statutory definitions in section 876-a of the Civil Practice Act. Its pertinent subdivisions read:

" 10. * * * (b) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it and if he or it is engaged in the industry, trade, craft or occupation in which such dispute occurs, *or is a member, officer or agent of any association of employers or employees engaged in such industry, trade, craft or occupation.*

" (c) The term ' labor dispute ' includes any controversy concerning *terms or conditions of employment,* or concerning the association or representation of persons in negotiating, fixing, maintaining, *changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee.*"

The question here posed may be determined on certain undisputed facts. The corporate plaintiff in whose name this wholesale and retail poultry business is run, is owned by five stockholders — four brothers and their mother. At present they furnish the services to operate the business, except that the father of these brothers, who is not a stockholder of the plaintiff corporation, works on occasions, chiefly on Saturdays, in plaintiff's place of business. In addition, a rabbinical functionary, a union " schochet," renders services which, of course, may not be performed by members of the defendant union.

In prior years the plaintiff corporation had contracts with the defendant union for the employment of its members. The last contract expired December 31, 1938. Pending negotiations for a new contract, defendant's members continued to work until January 12, 1939, when a strike occurred under the auspices of a " schochtim " union. The plaintiff corporation ceased operating until this strike was settled, when it reopened and employed a union " schochet." Plaintiff corporation, however, refused to re-employ members of the defendant union to do the manual work

and chauffeuring. The loading and unloading of chickens for the market and similar work had been done by defendant's members. Now such work is done by the four brothers, each of whom draws weekly wages therefor. The mother works in the place but receives no salary.

The defendants, assuming to exercise rights recognized in section 876-a of the Civil Practice Act, picketed plaintiffs' premises with a placard upon which it was stated that poultry in plaintiffs' premises was handled and delivered by non-union labor. This the defendants had a right peaceably to do, unless the contention is sound that a labor dispute did not exist because of the doctrine of *Thompson* v. *Boekhout* (273 N. Y. 393).

The Special Term has held that the foregoing discloses what constitutes a family or " small business," which is not within the scope of section 876-a of the Civil Practice Act. It relies on *Thompson* v. *Boekhout* (*supra*). There it was held that a labor dispute did not exist where, after having difficulty with a union in connection with the employment of a projectionist, an owner of a motion picture house dispensed with the services of all employees and himself operated the place. It was there stated: " That definition [in section 876-a of the Civil Practice Act] makes clear the intent of the Legislature to subject injunctions issued in disputes involving or growing out of the relations of employer and employee to special regulations deemed appropriate to the nature of such disputes. Where the owner of a small business seeks to avoid ' labor disputes ' as defined in the statute, by running his business without any employees, an attempt to induce or coerce him to hire an employee or employees, upon terms and conditions satisfactory to persons associated in such attempted inducement or coercion is not a ' labor dispute ' within the letter or spirit of the statutory definition. We hold that the statute has no application in this case."

We think that doctrine does not control here. Under the facts herein these four brothers and their mother may not be heard to assert that they are carrying on a small business as partners, operating without employees, with all the benefits which may accrue from such a status, when in fact they are doing business under a corporate form. They must take the burdens with the benefits which result from doing business under a corporate form. It is quite obvious that these five individuals are utilizing the medium of stock holding in the corporate plaintiff as a mere device or pretext to enable them to assert colorably that the plaintiff corporation, as such, has no employees. The undisputed facts reveal that the plaintiff corporation has employees but that some of them merely happen to be stockholders. There is a definite widespread modern

movement to have employees of corporations become stockholders of their corporate employer. Acceding to such a proposal does not cause an employee to lose his status as an employee or the benefits accorded to employees generally under statutes designed to better working conditions and improve economic conditions in their shops and shops of masters who compete with their employers. To hold otherwise would be to set at naught, by the use of such a device, a vast body of statutory rights for the amelioration of conditions of labor, gained gradually through a long period of time.

It follows, therefore, that this corporate plaintiff is not to be classified with an individual or natural plaintiff who, in fact, does business without employees and without resort to corporate form. The pretext invoked herein being unavailing to avoid the requirements of section 876-a of the Civil Practice Act, it follows that as concededly the complaint does not comply with that section, the motion of the defendants to dismiss should have been granted; and as the moving papers do not disclose a situation which makes section 876-a of the Civil Practice Act inapplicable and thus cause the complaint to be sufficient, the motion for an injunction *pendente lite* should have been denied.

The order in so far as it grants the motion of the plaintiff corporation for an injunction *pendente lite* and denies defendants' motion to dismiss the complaint of such plaintiff should be reversed on the law, with ten dollars costs and disbursements, the motion for an injunction *pendente lite* denied, and the motion to dismiss the complaint granted, with ten dollars costs.

The appeal by the defendants from so much of the order as dismisses the complaint of the individual plaintiffs without costs should be dismissed.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., cocur.

Order in so far as it grants the motion of the plaintiff corporation for an injunction *pendente lite* and denies defendants' motion to dismiss the complaint of such plaintiff reversed, on the law, with ten dollars costs and disbursements, the motion for an injunction *pendente lite* denied, and the motion to dismiss the complaint granted, with ten dollars costs.

The appeal by the defendants from so much of the order as dismisses the complaint of the individual plaintiffs without costs is dismissed.