BORO PARK SANITARY LIVE POULTRY MARKET, INC., Appellant, Impleaded with Others, *v.* MAX HELLER, as President of International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 167, et al., Respondents.

Argued May 15, 1939; decided June 2, 1939.

*Stanley M. Dorman* and *Eugene Frederick Roth* for appellant. The court at Special Term properly found that no labor dispute existed, and, therefore, had jurisdiction to grant a complete injunction without compliance with section 876-a of the Civil Practice Act. (*Thompson* v. *Boekhout,* 273 N. Y. 390; *Yablonowitz* v. *Korn,* 205 App. Div. 440; *Luft* v. *Flove,* 270 N. Y. 640; *Matter of Bowne* v. *Bowne Co.,* 221 N. Y. 28; *Home Fire Ins. Co.* v. *Barker,* 67 Neb. 644; *Anthony* v. *American Glucose Co.,* 146 N. Y. 407.) The order of the Appellate Division reversing the order of Special Term which granted the temporary injunction, and denying it, having been made expressly on the law and not in the exercise of its discretion, is reviewable by the Court of Appeals. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379.) The Special Term was justified in issuing the injunction as provided in the order. (*Luft* v. *Flove,* 270 N. Y. 640; *Pitter* v. *Kaminsky,* 7 N. Y. Supp. [2d] 101; *Wishny* v. *" John Jones,"* 169 Misc. Rep. 459.)

*Leon Herzfeld, Arthur C. Mandel, Lester B. Lipkind* and *Irving Herzfeld* for respondents. A labor dispute exists between the plaintiff corporation and the defendant union within the meaning of section 876-a of the Civil Practice Act. The relationship of employer and employee exists. The procedural requirements of section 876-a must be complied with before any relief can be granted. (*Krip Holding Corp.* v. *Canavan,* 159 Misc. Rep. 3.) A corporation is a legal entity separate and apart from its stockholders, officers and members. When a corporate relationship exists,

a partnership relationship cannot exist at the same time between the parties involving the identical business and subject-matter to the detriment of others. (*Rapid Transit Subway Constr. Co.* v. *City of New York*, 259 N. Y. 472; *Brock* v. *Poor*, 216 N. Y. 387; *American Union Line, Inc.*, v. *Oriental Nav. Corp.*, 239 N. Y. 207; *Matter of Mt. Sinai Hospital* [*Goldman*], 250 N. Y. 103; *Claude Neon Lights, Inc.*, v. *Federal Electric Co.*, 135 Misc. Rep. 113; *Drucklieb* v. *Harris, Inc.*, 209 N. Y. 211; *Boag* v. *Thompson*, 208 App. Div. 132; *Berger* v. *Eichler*, 211 App. Div. 479; *Cohen* v. *Mahoney*, 160 Misc. Rep. 196; *Thomashefsky* v. *Edelstein*, 192 App. Div. 368.) Officers and directors of a corporation who perform manual labor in addition to their executive duties are deemed employees of the corporation. (*Fitchett* v. *Murphy*, 26 Misc. Rep. 544; *Outterson* v. *Fonda Lake Paper Co.*, 20 N. Y. Supp. 983.) The Special Term below was not justified in issuing an injunction *pendente lite* as sweeping as the one granted. (*Stillwell Theatres, Inc.*, v. *Kaplan*, 259 N. Y. 405; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.)

LEHMAN, J. Boro Park Sanitary Live Poultry Market, Inc., is a domestic corporation conducting a wholesale and retail market for the sale of live and slaughtered poultry. Four brothers and their mother are the sole stockholders, directors and officers of the corporation. Prior to December 31, 1938, the corporation employed members of the defendant union in its business under a written contract with the union. On that date the contract with the union expired. It has never been renewed. The stockholders of the corporation desire to do the work themselves. The union has taken the position that the plaintiffs were employers and therefore not eligible to membership in the union. Then the corporation refused to renew the union contract and since that time its stockholders have performed substantially all the manual work formerly done by members of the union. The four brothers are paid regular weekly wages; their mother receives no salary " but, instead, support and

contribution." A functionary, denominated a " shochet," is employed to certify that the corporation complies with Jewish dietary laws; otherwise the corporation has no employees except its stockholders. By picketing and other methods the defendant union is seeking to induce or compel the corporation to employ union members and to enter into a contract with the union on terms dictated by the union.

The plaintiff corporation in this action seeks to enjoin the union from all interference with its business and an injunction *pendente lite* was issued restraining the defendant union from picketing and even from stating " that the plaintiff corporation is engaged in any labor controversy or dispute, or that a strike exists on their premises, or that it is unfair to labor." Upon appeal the Appellate Division reversed the order granting the injunction *pendente lite* and upon the defendants' motion dismissed the complaint on the ground that it failed to allege facts sufficient to constitute a cause of action.

The Legislature, in section 876-a of the Civil Practice Act, has regulated the exercise of the equitable power of the Supreme Court " to issue any restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute, as hereinafter defined." The section (subd. 10) defines a labor dispute as follows:

" (c) The term ' labor dispute ' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee."

The plaintiff concededly has failed to plead or prove matters which under the provisions of section 876-a must be pleaded and proven in order to obtain injunctive relief in " labor disputes." The judgment of the Appellate Division dismissing the complaint cannot be successfully

challenged if the case involves or grows out of a "labor dispute" as defined in the statute.

We have said that the Legislature intended only " to subject injunctions issued in disputes involving or growing out of the relations of employer and employee to special regulations," and we have therefore excluded from the application of the statute cases where the " owner of a small business seeks to avoid ' labor disputes ' as defined in the statute, by running his business without any employees." (*Thompson* v. *Boekhout*, 273 N. Y. 390, at 393.) Where an owner of a business does the work himself without employees the " relation of employer and employee " does not exist and there can be no " controversy concerning terms or conditions of employment " or " concerning employment relations " or " arising out of the respective interests of employer and employee " as provided in the statutory definition. The problem here is whether in this case the corporate employer and its stockholders who labor for wages in its business stand in the relation of employer and employee.

Four men perform manual labor for the corporation, formerly performed by members of the union. They receive wages for their work. The fact that they are stockholders or even officers of the corporation would not deprive them as employees of compensation for accidental injuries under the Workmen's Compensation Law (Cons. Laws, ch. 67).. (*Matter of Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296.) It would not bar them from the preference granted by statute for " the wages of the employees, operatives and laborers " of insolvent corporations conferred under the provision of chapter 376 of the Laws of 1885. (*Palmer* v. *Van Santvoord*, 153 N. Y. 612.) (Cf. Federal Social Security Act; U. S. Code, tit. 42, § 1301; Federal Railroad Unemployment Insurance Act, enacted June 25, 1938, 52 U. S. Stat. p. 1094; U. S. Code, tit. 45, § 351.) It is said, however, that the corporate entity of the plaintiff may be ignored because the corporation conducts only a small family business and if ignored these stockholders are seen to be working for themselves without

any employer. The corporate entity is, however, in this case not a fiction. It is the form chosen by the stockholders for the conduct of the business. It hires the stockholders to work for it. They are paid by it. They are subject to discharge by it. No court would, I think, listen to a claim that the corporate entity should be ignored if these " employees " claimed the benefit of the Workmen's Compensation Law, the Labor Law (Cons. Laws, ch. 31) or any other statute protecting employees. It should not be ignored in this case.

It is said too that the union may not refuse to admit stockholders of a corporation because the union regards them as " bosses " and then insist that the relationship of employer and employee exists between corporation and a' stockholder working for the corporation in return for wages paid by the corporation. The union, with perhaps some exceptions not material here, is free to choose its own members and then to endeavor to obtain employment for its chosen members. It may reject these stockholders because they share indirectly in the profits of the business and their interests may not coincide with the interest of other workers. Controversy as to whether the stockholders or the members of the union should be employed to do the work of the corporation remains, none-the-less, a " labor dispute " within the letter and spirit of the statute.

The judgment of the Appellate Division should be affirmed, without costs. The appeal, by permission, from the order of the Appellate Division should be dismissed, without costs. The certified question is not answered.

RIPPEY, J. (dissenting). This action was brought by the plaintiff, a domestic business corporation, in equity to restrain the defendants from unlawfully interfering with it and its business. The plaintiff has failed to allege compliance with the provisions of section 876-a of the Civil Practice Act on the asserted ground that there is no " labor dispute " within the meaning and scope of the provisions of that section. At Special Term, it moved for an injunction

*pendente lite,* which motion was granted. A cross-motion by the defendants to dismiss the complaint against the corporate plaintiff was denied. Upon appeal, the Appellate Division reversed the Special Term and dismissed the complaint. The Appellate Division allowed an appeal and certified to us the question as to whether the motion for the injunction *pendente lite* should have been granted upon the record presented. The answer to the question depends upon a determination as to whether or not the facts set up in the complaint establish that there was a " labor dispute " within the meaning of section 876-a of the Civil Practice Act.

The plaintiff is engaged in the business of selling, at wholesale and retail, kosher live and slaughtered poultry. It is alleged that the business is strictly a family enterprise and composed of four brothers and their mother, conducted at the same time in the name of Kershnar Brothers and also in the name of the corporation. The brothers and the mother are the officers and directors of the corporation and the only persons interested therein and it is alleged that no one person alone has any supervisory capacity but that all of them work together in agreement as partners using the corporate form only for convenience and that all of them participate in the labor both manual and clerical involved in conducting the business. Two of the brothers receive from the proceeds of the business thirty-five dollars each per week and two of them twenty dollars each per week but the mother receives no money. The father voluntarily and without pay helps the family out on Saturdays when not engaged in his regular employment elsewhere. A Hebrew functionary known as a shochet performs services in connection with the slaughtering of the poultry but it is conceded that he is not to be considered as an employee. No others are connected with or perform any work or services in the business.

It also appears that for several years the plaintiff corporation had written contracts with the defendant union

which provided, among other things, the number of employees the plaintiff was required to engage, the wages to be paid to them and the hours to be complied with, and that under those contracts the plaintiff employed one or two union members as required by the union and paid them the scale wages and in other respects complied with the contract. The time came for the renewal of the contract in December, 1938. It is alleged the plaintiff was willing to renew but not upon the terms that it was required to employ outside help who were members of the union, their business having become such that they could not continue to operate their business if they were required to employ and pay such help. It is alleged that their business was such that the four brothers with the mother could handle all of the work required to be done. The union refused to enter into such a contract or to admit the brothers to membership in the union on the ground that an employee relationship between the brothers and the corporation did not exist but that they were in fact themselves employers and therefore ineligible for membership in the union. It is alleged that illegal picketing and acts of violence were thereupon engaged in by members of the union for the purpose of compelling the plaintiff to enter into the contract upon the union terms, the result of which, if allowed to continue, would ruin plaintiff's business.

In *Luft* v. *Flove* (270 N. Y. 640), commenced prior to the enactment of section 876-a of the Civil Practice Act, where " plaintiff had only employed in the operation of his business his wife and two adult sons who were not members of the defendant unions and who desired to continue in such employ unmolested by such unions or by the members thereof," this court held that an action such as the one here brought might be maintained and the defendants restrained from picketing his place of business on his refusal to employ members of the union. A similar holding was made in *Yablonowitz* v. *Korn* (205 App. Div. 440). It is settled that relief might be had in the present action,

without the necessity of alleging compliance with the provisions of section 876-a of the Civil Practice Act, if the business were operated by an individual who personally did all the work without third-party-employee relationship existing (*Thompson* v. *Boekhout*, 273 N. Y. 390), since in such a case there could be no " labor dispute " within the intent, scope and meaning of that act. Upon the authority and reasoning of the *Thompson* case, the learned justice at Special Term held that the plaintiff was " a close family corporation," operated exclusively by the members of the family without third party employees; that the existence of the corporation did not alter the factual situation and that the case did not fall within the class of cases governed by the act. I am of the opinion that he based his decision upon solid ground and that his conclusion was correct.

It is still, however, here strenuously asserted that the mere fact that the four brothers and the mother were operating under a corporate form in the case at bar prevents such a result. While at law a corporation is an entity, a " personality," separate and distinct from its shareholders, members or officers, nevertheless, where the interests of justice require and under some circumstances the corporate form may be disregarded (Fletcher Cyc. Corp. [Perm. ed.] vol. 1, ch. 2, § 41 *et seq.*, with cases indicating the substantially universal application of the rule). That rule is not limited to any specific class of cases or to any particular subject-matter or to the relative position of the parties in the litigation. Its foundation is broad enough to warrant its application wherever the peculiar facts in the particular case under consideration in the interests of justice demand, even where the rights and interests of third parties are involved. The rule has been well stated in *United States* v. *Milwaukee Refrigerator Transit Co.* (142 Fed. Rep. 247), at page 255, where it is said: " If any general rule can be laid down, in the present state of authority, it is that a corporation will be looked upon as a legal entity as a general rule, and until sufficient reason to the contrary appears; but, when the notion of legal entity is used to defeat public

convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons. This much may be expressed without approving the theory that the legal entity is a fiction, or a mere mental creation; or that the idea of invisibility or intangibility is a sophism."

It seems to me that the defendant union correctly diagnosed the relation between the stockholders, officers and directors and the corporate entity when it refused to recognize the existence of the employee relation when application was made for membership to the union. Mere verbiage, nomenclature or form cannot change the facts. Theoretically, the members of the family may be designated as employees of the corporation. Practically, under the peculiar facts in this particular case, the four brothers and the mother were the corporation and were not servants of the corporation in any sense except by legal fiction (*Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28, 34). The defendants cannot " justify wrong " by asserting the contrary. The facts do not compel the application of any principle of estoppel which can prevent plaintiff to so assert. Under the facts here presented it must be so held in order to promote justice and to avoid the perpetration of wrong (1 Morawetz on Private Corporations [2d ed.], § 227, p. 222; Fletcher Cyc. Corp., *supra;* Wormser, Piercing the Veil of Corporate Entity, 12 Col. L. Rev. p. 496; cf. *Farmers' Loan & Trust Co.* v. *Pierson*, 130 Misc. Rep. 110, 115, 119). Under such circumstances the principle of the *Luft* and *Thompson* cases (*supra*) controls.

The judgment and order of the Appellate Division should be reversed, the order of the Special Term reinstated and the question certified answered in the affirmative, with costs to appellant in the Appellate Division and in this court.

CRANE, Ch. J., LOUGHRAN and FINCH, JJ., concur with LEHMAN, J.; RIPPEY, J., dissents in opinion in which HUBBS, J., concurs; O'BRIEN, J., taking no part.

Judgment accordingly.