**832**

ANTHONY SETTEMBRINI et al., Copartners Doing Business under the Name of YORKVILLE CANDY COMPANY, Plaintiffs, *v.* AL GREENBERG, as President of International Brotherhood of Teamsters & Chauffeurs & Warehouse Help Local 805, Affiliated with American Federation of Labor, et al., Defendants.

Supreme Court, Special Term, Bronx County, August 4, 1951.

*Charles A. Settens* for plaintiffs.

*Murray A. Frank* for defendants.

MATTHEW M. LEVY, J.  The plaintiffs' motion for an injunction *pendente lite* is denied, without prejudice to a renewal upon compliance with section 876-a of the Civil Practice Act or in the event of adequate proof of unlawful acts.  The defendants' cross motion to dismiss the complaint is denied — since, on the face of the complaint, the plaintiffs allege that there is no labor dispute within the meaning of the statute and present facts indicating unlawful conduct.

In *Thompson* v. *Boekhout* (273 N. Y. 390) it appears that the employee had been discharged and his duties taken over by the owner. In the instant case — from all the affidavits (the complaint is unverified) — I find that the employee — who had been working for the plaintiffs for six years and had just returned from a vacation on July 9, 1951 — had not been discharged; but that he joined the union some months before, and that the union had undertaken negotiations with the plaintiffs; and that when the employee went out on strike on July 11, 1951, and picketed the plaintiffs' place of business, his employment was claimed by the plaintiffs to have been "terminated." Presumably, this is not a discharge prior to the strike, but an assumed cessation of employment by virtue of the employee's going out on strike. It was then, and not before, that plaintiffs came to the conclusion that they would run the business without employing any one. Under the circumstances, I am not convinced that the plaintiffs intend permanently to go it alone; on the contrary, their present attitude strikes me as *post strike motam*. This so-called "termination" is not an interdiction of a "labor dispute", as that term is defined in the law.

In *Baillis* v. *Fuchs* (283 N. Y. 133, 137) the Court of Appeals, in commenting — by way of dictum, but with some significance — upon its decision in *Thompson* v. *Boekhout* (*supra*), said that in the case cited "the proprietor of a small picture theatre employing only one man *discharged* his single employee *before* a strike was called" (italics supplied). These are not the facts in the case before me. I hold the present situation to be one involving a labor dispute, and section 876-a of the Civil Practice Act has not been complied with.

Moreover, since the employee is in fact on strike (and he nevertheless remains, at least for some purposes, an "employee" even though he is on strike) the picket sign — "Employee (1) of Yorkville Candy Co. on Strike" — is not false. There is no proof of violence or disorder, and the malicious mischief charged is not shown to have been done or instigated by the defendants. The supporting affidavit is made by one having no personal knowledge, and the alleged malefactor specifically denies the allegation under oath. Under such circumstances, even if this were not a labor dispute, the picketing should not be enjoined (*Cafeteria Employees Union, Local 302,* v. *Angelos,* 320 U. S. 293).

In thus denying the motion for the injunction on the affidavits before me I am of the opinion that an injunction should not

issue on paper allegations unless there is a clear and convincing case made out to establish the extraordinary relief prayed for. On the other hand, in thus refusing to dismiss the complaint, I rely upon the established rule of law that every fair intendment and favorable implication should be accorded the pleading before trial on a motion to dismiss for alleged insufficiency.