In the Matter of the Arbitration between FRANK FAVA, Petitioner, and SPACARB NEW YORK DISTRIBUTORS, INC., Respondent.

Supreme Court, Special Term, Bronx County, April 20, 1955.

*Sheehan & Harold* for petitioner.

*Arthur N. Field* and *Henry Uselaner* for respondent.

MATTHEW M. LEVY, J. This is an application for an order directing that arbitration proceed pursuant to contract between the parties. The facts before the court are not in dispute.

On September 1, 1953, a written contract was entered into whereby respondent agreed to employ petitioner for five years at a specified salary. The parties performed until December 17, 1954, when the employer terminated the petitioner's services. The contract provided for arbitration of "Any controversy or claim arising out of or under this agreement, the performance or breach thereof." On December 24, 1954, the employee demanded arbitration to determine whether the discharge was justified. Subsequently, and on January 15, 1955, a collective bargaining agreement was entered into between the respondent as employer and a labor union, after a majority of the then employees had requested that the union become their bargaining representative. The union agreement also established arbitration machinery, different in some material aspects from the

procedure set up in the individual agreement with the petitioner. Contending that the later union agreement supersedes the personal agreement with the petitioner, the employer has expressed a willingness to submit to arbitration under the union contract, but it has refused to arbitrate as provided in the individual agreement. The union is not a party to this proceeding.

In support of its contention, the employer urges that the collective bargaining agreement is broad enough to cover past, as well as present, employees. That is not my understanding of the language of the contract. The union agreement expressly provides that it " shall be effective as of the 15th day of January, 1955." It does not purport to have any retroactive effect. It provides that " All *existing* individual contracts between the employer and any of its *employees covered by this agreement,* shall be merged into and become a part of this collective agreement." (Emphasis added.) While a discharged employee under certain circumstances may continue to be an " employee " for certain purposes (cf. *Settembrini* v. *Greenberg,* 200 Misc. 832, 833), is that this case? I think not. The petitioner's contract of employment had been terminated without reference to any labor dispute. He had been flatly discharged prior to the time when there was any union negotiation. The breach here complained of took place prior to the execution of the collective bargaining agreement. The demand for arbitration was antecedent to this agreement. The petitioner's right to arbitration under his individual contract accrued when this demand was made. The subsequent negotiations and agreements in this case did not bar the petitioner's contract right. He was not a party — pro or con — to the selection of the bargaining representative. Thus, he had substantial rights which cannot, under the facts here, be abrogated by the unilateral or bilateral action of others.

The respondent argues that the arbitrator would have it within his power, if he found the discharge to have been improper, to direct respondent to " re-employ " petitioner, and then a labor relations problem between the employer and the union will arise. This contention seems to me to be a recognition by the employer that the petitioner was not considered to have been an employee after his discharge. It would appear that the employer and the union were not without some knowledge of the factual situation, when they made it clear, by the express terms of the collective bargaining agreement, that it was not intended to cover past employees, i.e., those whose individual employment

contracts were no longer " existing ". If the contrary were the purpose, then the old contract would " be merged into and become a part of this collective bargaining agreement " — and then the question would arise as to whether the employee would be entitled to enforce an individual agreement more advantageous to him than the collective agreement (see *J. I. Case Co.* v. *Labor Board,* 321 U. S. 332, 338). But, since the petitioner was — when the collective bargaining agreement was entered into — no longer an employee, he was obviously without the contemplation of the negotiating parties, and in consequence he was not included in their agreement.

The motion is granted. The respondent is directed to comply with the demand to proceed to arbitration in accordance with the employment contract of September 1, 1953. While it may be that an award under the first agreement might affect the petitioner's status under the subsequent union contract, that is a problem which is not involved in the proceeding before me to compel the parties to arbitrate in accordance with their own undertaking. Settle order, in which provision should be made for the designation of an arbitrator in the event the parties hereto are unable to agree.