Arthur Gr. Klein-, J.
Motion by the plaintiffs.for a temporary injunction restraining the defendants from picketing the premises in which the plaintiffs conduct their business. The defendants are the officers of Local 32-J, Building Service Employees. In the course of its business this local contracts with building owners and cleaning contractors, covering the terms and conditions of employment of its members. This local includes employees engaged in general cleaning and waxing. It does not include window cleaners, who have been organized by another union. Previously, the plaintiff, Morris Kaufman Company, dealt with a cleaning company which had collective bargaining agreements with the defendant union. This contract was apparently cancelled and Kaufman contracted with another company whose general cleaners and waxers are not members of the defendant union. The defendant union has accordingly stationed pickets, apparently not more than three in number, in front of the premises in which the plaintiffs have their place of business. The plaintiffs are seeldng an order of this court restraining such apparently peaceful picketing.
There is no question in the mind of the court that the plaintiffs are engaged in interstate commerce. Consequently, this court has no jurisdiction in this action, which must be adjudicated by the National Labor Relations' Board. This question has been disposed of with finality by the Supreme Court of the United States in March of this year in the cases of Guss v. Utah Labor Relations Bd., Amalgamated Meat Cutters v. Fairlawn Meats, and Building Trades Council v. Garmon (39 L. R. R. M. 2567, 2571 and 2574, respectively). This rule had previously been laid down in Matter of New York State Labor Relations Bd. v. Wags Transp. System (284 App. Div. 883).
The picketing herein constitutes a labor dispute (Goldfinger v. Feintuch, 276 N. Y. 281; People v. Muller, 286 N. Y. 281). To prevent unemployment of its members is a legitimate labor objec-. tive of every labor organization. It appears that members of the defendant union were employed by plaintiff Kaufman under the earlier contract. Picketing with truthful signs peacefully conducted is not unlawful (Silver Dollar Bake Shop v. Weissman, 27 N. Y. S. 2d 744).
It may be noted in this case that the signs carried by the pickets state that the defendant union is on strike against Kaufman Co. This obviously is not truthful picketing, but the court is confident that, in view of the colloquy with counsel in open court and since the injunction is denied, the signs will be corrected so that they contain no untruthful statements.
Motion denied. Settle order.