J. Irwin Shapiro, J.
This is an application by plaintiff for an order “ temporarily enjoining and restraining defendant from causing or permitting the picketing of plaintiff’s place of business during the pendency of this action.”
The plaintiff owns a retail bakery store. Prior to January 31, 1959 he employed three members of the defendant union in his bakery shop.
He contends that “ after the union contract expired ” he “ informed the employees that they were being let go and that their services would be no longer required ” because he “ had determined that hé and his wife can handle the work themselves and that the amount of business they were doing did not warrant employing anyone.”
Plaintiff says that since ‘ ‘ that time the only persons who have worked in deponent’s store are your deponent and his wife,” and “ Yet the defendant causes pickets to appear for ten hours every day to bear signs and placards stating that plaintiff’s employees are on strike. This ■ statement is simply not true.”
The defendant is a union composed entirely of bakers which has been in existence since the early 1880’s. Its working conditions are embodied in certain collective bargaining agreements which are entered into with employers on behalf of employees who have chosen it as their bargaining agent.
In 1956 Fritz Schoen, Christ Mehrkens and Felix Bencich, all employees of the plaintiff, joined Local 3. Thereafter, a collective bargaining agreement on behalf of the three employees was entered into between the defendant and the plaintiff.
The latter’s affiliation with the collective bargaining agreement comes about through his membership in an employer association, known as the Associated Eetail Bakers of Queens, Nassau, Suffolk and Affiliates. This association bargained collectively for all of its members.
The last collective agreement between the union and the plaintiff, as well as the other members of the employer association, was by its terms due to remain in effect until January 31, 1959. Up until that day the plaintiff’s three employees continued to work for him and to be represented by the defendant umon.
Some time before the collective bargaining agreement was about to expire — on January 31, 1959 — the defendant entered into contract negotiations with the representatives of the afore *493 mentioned employer association. As is customary in such matters, negotiations are not carried on with the individual employers, hut with the association which represents them all.
At midnight on January 31,1959, after two months of meetings between the union and the association, negotiations collapsed and a strike followed, during which the members of the defendant union, including the three employed by the plaintiff, refused to engage in their usual employment.
After the strike had lasted about six weeks, a settlement was reached between the defendant union and the employer association, the latter, of course, acting on behalf of its employer members. The agreement thus reached was embodied in a stipulation and was ratified by both sides.
The agreement was sent out for the signature of all the members of the employer association. All of the members of the association except the plaintiff signed. According to the union he stated then for the first time, that he wanted nothing further to do with the association or the union; that he would run his business alone without any employees and “As he refused to sign, his employees continued the economic strike which had started immediately after the expiration of the previous contract.”
The foregoing sets forth the issue which arises upon this motion for a temporary injunction to restrain the picketing by the defendant union. Section 876-a of the Civil Practice Act provides that, “ No court nor any judge or judges thereof shall have jurisdiction to issue any restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute ’ ’ except after certain conditions are complied with, which conditions concededly have not been met here, the plaintiff contending, as shall hereafter be pointed out, that this is not a labor dispute.
Subdivision 10 (par. [c]) of the afore-mentioned section 876-a, defines the term labor dispute as follows: ‘ ‘ The term * labor dispute ’ includes any controversy concerning terms or conditions of employment * * * or any other controversy aris-
ing out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee.”
In Thompson v. Boekhout (273 N. Y. 390), the complaint alleged in substance that the plaintiff was engaged in the business of operating a motion picture theatre in the City of Rochester; that for some time prior to January 28,1936, he had employed defendant Alvin Mayer as the projectionist in such *494 theatre, and on the date last mentioned, he, as a duly licensed projectionist himself, had taken over the duties formerly performed by said defendant; that thereupon the defendants had conspired to intimidate the plaintiff to re-employ such projectionist under a contract prepared by the defendant union, and had stationed pickets at his theatre; that no strike had ever been called by the employees of the plaintiff, and that as a result of defendants’ picketing plaintiff had lost a substantial number of patrons. Judgment restraining such picketing was demanded.
Special Term and the Appellate Division held that a ‘ ‘ labor dispute ” within the meaning of section 876-a of the Civil Practice Act, was not involved and granted the plaintiff an injunction pendente lite, restraining the defendants from in any way interfering with the business of the plaintiff and from picketing, save by one man at a time. Defendants appealed; plaintiff did not, so that the propriety of the one-man picket imposed on plaintiff was not passed on directly on the appeal.
The Court of Appeals in a Per Curiam opinion held that section 876-a of the Civil Practice Act “ has no application in this case ” because it is confined to injunctions in cases “ involving or growing out of a labor dispute.” It said that “ Where the owner of a small business seeks to avoid ‘ labor disputes ’ as defined in the statute, by running his business without any employees, an attempt to induce or coerce him to hire an employee or employees, upon terms and conditions satisfactory to persons associated in such attempted inducement or coercion is not a ‘ labor dispute ’ within the letter or spirit of the statutory definition.”
In Anastasiou v. Supran (21 N. Y. S. 2d 541), decided on May 23,1940, Mr. Justice Walter held to the same effect, saying (p. 543): “Where the owner of a business runs it without employees, an attempt to induce or coerce him to hire employees upon terms and conditions satisfactory to persons associated in such attempt is not a ‘ labor dispute ’ within the meaning of the statute and the statute has no application (Thompson v. Boekhout, 273 N. Y. 390, 7 N. E. 2d 674; Baillis v. Fuchs, 258 App. Div. 919, 16 N. Y. S. 2d 724; Gips v. Osman, 170 Misc. 53, 9 N. Y. S. 2d 828, affirmed, 258 App. Div. 789,16 N. Y. S. 2d 101), and the same holding has been made where the owner runs the business with the assistance of his wife (Pitter v. Kaminsky, Sup., 7 N. Y. S. 2d 10) ”.
It should be noted that Mr. Justice Walter relied upon the Thompson case (supra) and also upon the case of Baillis v. Fuchs (258 App. Div. 919). However, five days after his decision and *495 his citing of the Baillis case the determination of the Appellate Division in that case was modified by the Court of Appeals (283 N. Y. 133).
In that case the facts, as they were stated by the Court of Appeals at page 135, are: “ Plaintiffs are copartners engaged in the business of distributing beer and soft drinks, some of which they also bottle, in the city of New York, and neighboring territory. Prior to March 1, 1939, they had in their employ thirteen drivers who had designated the defendant union, Local No. 23, as their bargaining agent. On that date a strike was called by the union, after the plaintiffs had refused to enter into a collective labor agreement to increase the drivers’ wages from the variable rate of seventeen dollars to thirty-two dollars per week for an indefinite number of working hours to the union scale of forty-five dollars a week for forty working hours. All thirteen employees of the plaintiffs responded to the call to strike and are still on strike. Since then the plaintiffs, four brothers, have hired no other employees but have themselves carried on the business without other employees. This practice was concededly adopted to avoid a £ labor dispute.’ The plaintiffs claim that they do not intend to hire any new employees ”.
After thus stating the facts and some details of the violence involved in the picketing, a situation which is entirely absent in our case, the court said (p. 136): ££ We are thus brought to the question whether there was here a £ labor dispute ’ as defined in the Civil Practice Act, section 876-a, subdivision 10, and whether section 876-a was, therefore, applicable to this action. The question of what constitutes a 1 labor dispute,’ even under the statutory definition, admits of no generally applicable and definitive answer. Of necessity the answer must depend upon the circumstances in the individual case. ’ ’ The court then went on to say (p. 137): ££ Thus, it is clear that the first essential for a 1 labor dispute ’ is employment. In Thompson v. Boekhout (273 N. Y. 390), where the proprietor of a small picture theater employing only one man discharged his single employee before a strike was called, there was no employment existing at the time of the strike, hence no 1 labor dispute ’ * * * In the present case the drivers were in the plaintiffs’ employ when the strike was called, and the strike related to the terms of employment. There can be no question, therefore, of the existence of a £ labor dispute ’ and the application of section 876-a of the Civil Practice Act. The section cited requires certain matters to be alleged and proved before there can be granted either a temporary or a permanent injunction.” (Emphasis supplied.)
*496 The Baillis case thus shows the inapplicability of the Thompson case (supra) and the Anastasiou case (supra) to the situation at bar, for here ‘ ‘ the first essential for a labor dispute ” which “ is employment ” is present, for at the time the strike was called, the three men in question were plaintiff’s employees.
Whether the distinction made by the court in Baillis (supra) as to its prior holding in Thompson (supra) is sound, or whether the Court of Appeals would now (see Cafeteria Union, infra) reject the views expounded by it in Thompson is beyond the purview of this court. Sufficient it is for the present purposes that the Court of Appeals in Baillis justified its decision in Thompson upon the ground that the employee there was discharged before a strike was called ” and that hence “ there was no employment existing at the time of the strike ”, by reason of which it came to the conclusion that, therefore, there was there no labor dispute.
The plaintiff also relies upon Angelos v. Mesevich (289 N. Y. 498) in which the court by a 4 to 3 decision upheld an injunction rendered after a trial, based upon findings of fact that there was no labor dispute in that case because there were no employees. That case undoubtedly would be a strong authority in favor of me plaintiff. However, it may not be used as a prop by plaintiff, for under the name of Cafeteria Union v. Angelos it was reversed by the United States Supreme Court (320 U. S. 293). In its reversal the court (p. 296) laid down a broad rule of law permitting picketing even though there had been no prior employment upon the theory that, ‘1 a state cannot exclude working men in a particular industry from putting their case to the public in a peaceful way ‘ by drawing the circle of economic competition between employers and workers so small as to contain only an employer and those directly employed by him. ’ A. F. of L. v. Swing, 312 U. S. at 326.”
It must be manifest from what has been said that in this case (1) the three persons in question were employees of the plaintiff prior to the expiration of the union contract on January 31, 1959; (2) that they, together with their brother members of the union, went out on strike and (3) that the plaintiff has refused to sign the new contract agreed to by all of the other members of the employer association, of which he was then, according to the union, or of which he had been previously, according to his own contention, a member.
Under such circumstances, since “ There can be no question, therefore, of the existence of a ‘ labor dispute ’ and the appli *497 cation of section 876-a of the Civil Practice Act ”, and since “ The section cited requires certain matters to be alleged before there can be granted either a temporary or a permanent injunction ” (Baillis v. Fuchs, supra, p. 137), and since concededly the requirements of said section have not been complied with by plaintiff because of his contention that he is not engaged in a labor dispute, his motion must be denied.
Submit order.