Saul S. Streit, J.
This is a motion to confirm an arbitrator’s award and for a direction that judgment be entered thereon. Respondent makes a cross motion to vacate on the ground that the arbitrator exceeded his powers by awarding petitioner union moneys for employees who were not members of the union or covered by the contracts which were the subject of the arbitration.
The agreement between the parties provided that all workers employed by members of the association, including “ shipping clerks ” were covered by the agreement. Respondent contends, however, that, for about six years, neither petitioner nor respondent considered the shipping clerks employed at the 61st Street warehouse to be covered by the collective bargaining agreement. The arbitrator found that throughout the entire period involved respondent continued to make contributions for fringe benefits to the various funds established by the agreement, for the benefit of the shipping clerks employed at the 61st Street warehouse. The arbitrator also found that in the Fall of 1961, when another union petitioned for an election, claiming to represent the 61st Street shipping clerks, both petitioner and respondent opposed the application on the ground that the clerks in question were covered by the collective bargaining agreement. The arbitrator further found that petitioner had *73 no knowledge of the fact that respondent was violating the collective bargaining agreement until the rival filed its petition for an election.
Eespondent’s contention that the union had no right to recover moneys which it had failed to pay to the 61st Street shipping clerks, because they were not members of the union, was rejected by the arbitrator, who found that “it is the right and duty of the Union to represent the interest of all the workers within the bargaining unit, regardless of their membership or non-membership in the Union ’ ’.
It is clear to the court that the arbitrator’s finding that the 61st Street shipping clerks were covered by the collective agreement and should have received payments in the amount found by the arbitrator cannot properly be vacated or upset by the court. The fact that the shipping clerks in question may not actually have been members of the union did not necessarily deprive the latter of the right to recover the payments which were withheld in violation of the collective agreement. It was within the province of the arbitrator, the impartial chairman, to interpret the collective agreement as empowering the union to enforce the provisions of the agreement regardless of whether the persons who should have received the withheld payments were actually union members, as they were required to be. Paragraph 2 of the collective agreement contains an express recognition by the employers of the union as the sole and exclusive collective bargaining agent “ of the workers covered by this agreement,” and the following paragraph, as previously observed, includes all shipping clerks employed by respondent as persons “ covered by this agreement ”. Certainly the arbitrator did not exceed his powers in interpreting the agreement as authorizing and requiring the union to enforce respondent’s obligation to make specified payments to the 61st Street shipping clerks and as not contemplating either that the shipping clerks themselves could enforce that obligation or that they were the only ones who could do so. The case of Matter of Fava (207 Misc. 846) has no application here.
The motion to confirm is granted and the cross motion denied.