■ 25 HYATT ST. REALTY CORP., Respondent, v. THEATRICAL PROTECTIVE UNION, LOCAL ONE, Appellant.— In an action *inter alia* to enjoin picketing of plaintiff's place of business, defendant, a labor union, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County, dated October 25, 1972, as, on reargument, granted plaintiff's motion to enjoin such picketing, *pendente lite.* Order reversed insofar as appealed from, with $20 costs and disbursements, and plaintiff's motion denied. Section 807 of the Labor Law provides that where a labor dispute is involved no court or Judge shall have jurisdiction to issue any injunction except after a hearing and finding of certain facts. Here there is no claim that the prerequisites of section 807 were met and plaintiff and Special Term based their views on a claim that

no labor dispute was involved. Thus, if in fact the case involves a labor dispute no injunction could issue. Following the purchase by plaintiff of the St. George Theatre it was closed for a week and then reopened. At that time plaintiff refused to rehire an employee who had been employed in the theatre for 17 years. The functions of the employee were then filled by the son of plaintiff's president. Thereafter the union attempted to reach a negotiated settlement with plaintiff and, upon plaintiff's refusal to sign an agreement, the union commenced picketing the premises. We are of the view that this case involves a labor dispute within section 807 of the Labor Law. We do not believe that under these facts plaintiff may be heard to assert that it is carrying on a small business (*Rubin* v. *Choina*, 26 N. Y. S. 2d 10) with all the benefits which may accrue from such a status when in fact it is doing business under a corporate form (see *Boro Park Sanitary Live Poultry Market* v. *Heller,* 256 App. Div. 588, affd. 280 N. Y. 481). Thus, in seeking to replace the dismissed union member with the son of the president of the corporate plaintiff, plaintiff has created a labor dispute and no injunction may issue without first satisfying the prerequisite conditions of the statute. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.