■ THANN ENTERPRISES, INC., Respondent, v NEW YORK HOTEL & MOTEL TRADES COUNCIL et al., Appellants.—In an action, *inter alia,* to enjoin picketing of plaintiff's place of business, the defendants appeal from an order of the Supreme Court, Queens County, dated February 17, 1977, which, *inter alia,* granted plaintiff's motion to temporarily enjoin such

picketing. Order modified by deleting subdivisions (a), (b) and (c) of the decretal paragraph thereof, which, *inter alia,* enjoined peaceful picketing, and substituting therefor a provision that any placards used by the pickets must contain legends which are truthful and not misleading. As so modified, order affirmed, without costs or disbursements. Following the plaintiff's purchase of the Beefsteak Charlie's restaurant located at One Station Square, Forest Hills, New York, the predecessor-employer terminated its operation and discharged its employees. The restaurant reopened two weeks later with different employees. The former employees, under the aegis of the defendant union, commenced peaceful picketing in front of the main entrance of the restaurant. The purpose of the picketing was to publicize the refusal of the plaintiff to hire the former employees. These facts are sufficient to constitute a labor dispute within the meaning of section 807 of the Labor Law (see *25 Hyatt St. Realty Corp. v Theatrical Protective Union,* 42 AD2d 579). Section 807 provides that where a labor dispute is involved no court or Judge shall have jurisdiction to issue any injunction, except after a hearing and the finding of certain facts. Special Term erroneously concluded that no labor dispute was involved. The two conditions of section 807, a controversy involving conditions of employment or employment relations, and a dispute involving persons who are engaged in the same industry, have been satisfied. The record does not show by the weight of the evidence that the defendants have engaged in anything other than peaceful picketing; such picketing is protected by the First and Fourteenth Amendments to the United States Constitution (see *Cafeteria Union v Angelos,* 320 US 293). However, the record does indicate that the placards carried misleading slogans, e.g., "Beefsteak Charlie, Employer will not re-employ me". To insure that the pickets disseminate only truthful information (see *Leathercraft Corp. v Perry,* 11 Misc 2d 391), the placards must be changed to clearly indicate that the pickets were employees of the former owner and that the new owner has hired other personnel. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.