Morris Spivak and Another, Doing Business under the Firm Name and Style of Spivak's Food Center, Plaintiffs, *v.* Louis Wankofsky, Individually and as President of the Retail Dairy, Grocery, Fruit and Vegetable Clerks' Union, Local 338, an Unincorporated Membership Association of Seven or More Members, and Another, Defendants.

Supreme Court, Kings County, April 9, 1935.

*Max Klibanoff [Louis Marcus* of counsel], for the plaintiffs.

*Markewich & Null [Arthur K. Garfinkel* of counsel], for the defendants.

Cuff, J. Motion by employer to have a strike at his place declared illegal and to enjoin picketing. Plaintiff entered into a contract with defendant union and then by his own admissions violated the contract. He seeks to excuse his action by claiming that he did not understand the agreement and that its terms were too harsh as against him. He had signed a former similar agreement and worked under it. It is difficult to believe that he did not understand it. If that were the case, however, application for a temporary injunction is not the cure. That the terms were harsh cannot be considered either. A group of workers have the right to bargain collectively. In fact, that seems to be the only way that they can deal effectively with those who employ help. In this instance they submitted a written contract setting forth the terms and conditions with respect to the treatment of help. That agreement is just as sacred as any other, and its conditions should be observed. Defendants state that no real effort was made by plaintiff to adhere to the agreement; that non-union help, who worked for less money and longer hours, were employed repeatedly. Sub-

terfuges such as hiring plaintiff's uncle, using plaintiff's wife in the store, declaring an employee a partner, were also resorted to. If the uncle or wife was to be employed or if there was a partner in the business, the written contract was the place to make provision covering those situations.

I find no reason to declare this strike illegal nor to restrain the picketing. The supplemental affidavit filed without permission has not been read because of defendants' objections.

Motion denied.