The petition herein seeks to join Alexander Varady and "Al's Market" as parties complainant. It also prays for an order restraining the defendants "from picketing any home, residence, building, store, factory, industry or any other places with the exception of the premises of the complainant at 579 Avenue C, Bayonne, New Jersey, where picketing may be conducted as prescribed in the order of this court made on November 22d 1937." Counsel for the complainant, who is also counsel for the petitioners, yesterday *Page 546 
presented this petition and then asked for the restraint prayed for therein. I refused to give him any order until he first gave notice of this application to the defendants' counsel. It is conceded that such notice was given. All the parties to the suit appeared by counsel who have just concluded their arguments.
The petition alleges, and the affidavits attached to it, say, that the place of business of the petitioners has been picketed by the defendants, or by some of them. The alleged reason for the picketing is that the petitioner is advertising its business in the columns of the complainant's paper, The Evening Times.
Chapter 207 of the laws of 1926, to which counsel have frequently referred during the argument this afternoon, in part says. "No restraining order or writ of injunction shall be granted or issued out of any court of this state in any case involving or growing out of a dispute concerning terms or conditions of employment, enjoining or restraining any person or persons, either singly or in concert, from terminating any relation of employment." I may right here observe that in this controversy among the petitioners and these defendants, there is no question of employment or labor dispute involved. Among the petitioners, Varady, "Al's Market" and the defendants, there is absolutely no "dispute concerning terms or conditions of employment" whatever. Continuing with the reading of the provisions of the statute from the point where I stopped, the act says — "or from ceasing to perform any work or labor, or from peaceably and without threats or intimidation recommending, advising or persuading others so to do; or from peaceably and without threats or intimidation being upon any public street or highway or thoroughfare for the purpose of obtaining or communicating information, or to peaceably and without threats or intimidation persuade any person or persons to work or abstain from working, or to employ or to cease to employ any party to a labor dispute, or to peaceably and without threats or intimidation recommend, advise or persuade others so to do, provided said persons remain separated one from the other at intervals of ten paces or more." On the question of *Page 547 
picketing, the statute limits such employment entirely to "disputes" arising among an employer and his employes. In this case, as I have already stated, there is no such issue. No employer or employe relationship arises. Between the petitioners and the defendants, there is no labor dispute. Varady, or the "Market," never employed any of these defendants. Yet, it is clearly established, by the affidavits of both sides, these defendants attempt to, and in fact did, picket the place of business of the petitioners; that they did then and there, by such means, and also with signs or placards, or by statements from the picket line, endeavor to persuade the public from patronizing the business of the petitioners. The affidavits indicate that the petitioners were asked by the defendants to refrain from advertising in the columns of the Bayonne Times;
and that if they refused to do so, the defendants would retaliate with a picket line. Nobody can deny that such an attitude is anything short of coercion and intimidation. If advertising be an offense, then business stands on thin ice and is in a precarious position. Such threats as were here made, and the acts following thereupon upon the part of the defendants, is patently unfair, highly outrageous, and merits condemnation. If persons who advertise in a newspaper, who are perfectly innocent of any participation in the differences existing between the contending parties, who are in no way involved in the troubles of the newspaper and its employes, are to be subject to the kind of annoyance, and harassment which here appears, the court of chancery is bound to immediately step in and give appropriate relief to the distressed parties. Why should strangers to such troubles be persecuted and penalized? Let us pursue the defendants' theory of their alleged right to picket in the instant case. If, for instance, a house of mourning inserted a funeral notice in the newspaper, the defendants, if their contentions were recognized, would have the right to proceed to that house of mourning and establish a picket line. I do not believe that any heart, however calloused, would receive a thrill of satisfaction from such act and consider the conduct justifiable. To the same effect, would be the advertisement of a legal *Page 548 
notice; it might be productive of a picket line. If the defendants' argument were followed through, advertisers in the "Lost and Found" column would, in effect, be publicly extending a printed invitation to the defendants to picket them. The instances multiply. Picketing in the circumstances complained cannot be tolerated.
The legislature has laid down the conditions under which picketing is permitted. It never contemplated, as here, "secondary" picketing. I believe such picketing is unprecedented in this state; it is wholly without the pale of the statute. Where picketing is allowed, it must be done peaceably.
The petitioners in this case, as far as I can observe, are not in the least concerned with the dispute which exists between the Bayonne Times and the defendants; but, they are vitally, and much concerned, with what these defendants may do to them. Varady states in his affidavit that his place of business has not only been picketed by the defendants, but he has been personally threatened by them. No one can honestly deny he is entitled to protection from such occurrences. Under the apparent circumstances, and the proved facts, the application for an order to show cause, incorporating a restraint, will be granted. I shall set a day for its argument, unless counsel feel there should be no further hearing and that to-day's extended argument covers entirely the points at issue. I shall be guided by the wishes of counsel as to that.
I might say that both counsel, in their argument, properly said, these defendants have a right to present their cause to the public, provided, that the presentation be made in a lawful manner and without coercion or intimidation. I am in thorough accord with that pronouncement. This court will only enjoin unlawful acts; invasion of rights; coercion or intimidation. Certainly, it cannot, and will not, attempt to enjoin the defendants in the lawful exercise of any of their rights. To the same extent does it regard the rights of the complainant or the petitioners. I take this occasion to state that the court recognizes, and will sustain, the right of the defendant employes to organize, to bargain collectively, and to choose freely their own representatives. They have just *Page 549 
claims to a reasonable living wage; to healthful working conditions; and to security of employment without unfair discrimination. They hold the right to enforce their demands by effective means; but those means must accord with the rights of others and the letter and spirit of the law. The right to organize is not only a legal right, but it is a natural right — it is a God-given right which formed society and moulded governments.
In the memorandum which I originally filed, I stated that these defendants may peaceably picket complainant's plant. That is now the defendant's right — the right to peaceably picket the complainant's plant. They are not — and were not — authorized to picket any place else.
Under the circumstances I will sign an order, and make it returnable, if counsel desire, on Monday next, or some other motion day, as they may wish. If counsel feel they want to file any further affidavits they will be given that privilege.
The petitioners will be permitted to intervene.