JEROME PAUL, Doing Business under the Firm Name and Style of FURRIER PAUL, Plaintiff, *v.* SAM MENCHER, as President, or HARRY BEGOON, as Treasurer, of Furriers Joint Council of New York, an Unincorporated Association of Seven or More Members, etc., Defendant.*

Supreme Court, Special Term, New York County, December 17, 1937.

* Affd., 254 App. Div. 851.

*Simon H. Braunstone,* for the plaintiff.

*Louis B. Boudin,* for the defendant.

SCHMUCK, J. Judgment for plaintiff. There is no labor dispute as defined by statute between the parties hereto. It is the prerogative of any business man, with or without reason, to continue or discontinue in business, to change, alter or modify the nature of his business as he sees fit without necessity of explanation or excuse to any one. When the plaintiff elected to discontinue his factory no one was privileged to complain even though it was done deliberately to avoid a labor dispute. It may be unfortunate and regrettable that because of such decision willing workers are rendered idle and unhappy. When the question of the legality of an act is alone involved, the law is indifferent to the result thereof. If plaintiff had the right to close down his factory the fact that a number of people are foreclosed of employment cannot govern or limit the exercise of that right by him. (*Thompson v. Boekhout,* 273 N. Y. 390.) While it is probable that plaintiff suffered damage by the conduct of the pickets and their interference with patrons, proof of loss is so chimerical as to deny any allowance of the claim therefor. Since there is no labor dispute there is no need to consider whether compliance with section 876-a of the Civil Practice Act has been had, as that is not an issue. Submit findings and judgment.