MAX WISHNY, Plaintiff, *v.* " JOHN JONES," Name Being Fictitious, True Name Unknown to Plaintiff, Person Intended Being the President of the United Cigar Workers Union, Local 273, Individually and as President of Said Union, Defendant.

Supreme Court, Special Term, New York County, October 27, 1938.

*Milton Green*, for the plaintiff.

*Joseph Tauber*, for the defendant.

LAUER, J. Plaintiff has been a manufacturer of hand-made cigars and has had in his employ approximately seventeen workers for that purpose. In the fall of 1937 the plaintiff signed a contract with the defendant union and agreed to the terms and conditions

fixed by it. Pursuant to the terms of the agreement plaintiff continued in business employing union help up to the expiration of the contract. Thereafter defendant union, representatives of plaintiff's employees and the plaintiff conferred without success in an attempt to arrange a new union contract. Thereafter the employees of the plaintiff, all union members, quit work on October 4, 1938. On October eighth plaintiff notified defendant that he intended to liquidate his business. It appears from the affidavits before me that the plaintiff has applied to the Department of Internal Revenue, Tobacco Division, of the United States government, for permission to dispose of the tobacco left in his shop, and that no cigars have been manufactured in plaintiff's factory since October 4, 1938. Pickets of the defendant herein are presently picketing plaintiff's place of business, and attempts have been made to discourage plaintiff's customers from selling plaintiff's merchandise. It is plaintiff's contention that no " labor dispute " exists between plaintiff and defendant and that he has a right to liquidate his business and dispose of his stock without any interference on the part of defendant. It would seem that the union in this case has overstepped the bounds of its rights. The law is well settled that a person has the right to operate his business alone or with the aid of his family without being subjected to attempts by a labor union to induce him to employ its workers. (*Thompson* v. *Boekhout*, 273 N. Y. 390.) In the instant case the plaintiff's position is even stronger. The plaintiff herein not only does not employ any workers whom the defendant might seek to expel in favor of its own, but he has definitely shown his determination to liquidate and retire from his business. No merchandise is being manufactured by plaintiff and the defendant has failed to prove that plaintiff has engaged " scab " labor to take the place of members of the defendant. Since there is no labor dispute, section 876-a of the Civil Practice Act does not apply and this court may act to enjoin an injustice which is being practiced upon the plaintiff.

" It is the prerogative of any business man, with or without reason, to continue or discontinue in business, * * * as he sees fit without necessity of explanation or excuse to any one." (*Paul* v. *Mencher*, 169 Misc. 657, 658.)

The plaintiff in the instant case may liquidate his business without any further interference from the defendant.

The motion for an injunction *pendente lite* is granted with leave to the defendant to move to set aside the injunction herein granted in the event that plaintiff again begins to engage in his business. Settle order on notice.