CHARLES GIPS and GIPS & MENDELSOHN, INC., Plaintiffs, *v.*
ARTHUR OSMAN, as President of UNITED WHOLESALE AND
WAREHOUSE EMPLOYEES OF NEW YORK, LOCAL 65, UNITED
RETAIL AND WHOLESALE EMPLOYEES OF AMERICA and Others,
Defendants.

Supreme Court, Special Term, New York County, January 6, 1939.

*Gluckman & Josephson,* for the plaintiffs.

*Harry Sacher,* for the defendants.

STEUER, J.  Plaintiff conducts a small hosiery jobbing business
at 97 Orchard street.  Up to about the 1st of November, 1938,
he employed a young man as an assistant.  At that time a repre-
sentative of defendant union called on him and demanded that
his employee receive the union scale of wages.  Plaintiff showed
defendant's representative that if this were done the receipts of
the business would give plaintiff a smaller return than that received
by his employee who was an inexperienced helper.  The effect of
this appeal to reason was, as might have been anticipated, negligible.
The parties reached the obvious conclusions at about the same time.
Plaintiff decided that he would have to run his business without
assistance and defendant decided to call a strike.  It supplied a
few pickets to assist the erstwhile employee in picketing plaintiff's
premises.  This action and the instant motion seek to enjoin the
picketing.  There has been no compliance with section 876-a
of the Civil Practice Act.  The question is whether any is required.

The section in question is limited to instances of labor disputes.
There seems to be some confusion in the minds of the parties as to
when a labor dispute exists in regard to a single employee.  The

rule is quite clear. The number of employees involved is of no significance. A labor dispute may exist regardless of whether the employer hires one worker or a great many. But there must be an employer. There can be no such dispute with a person who hires no one. (*Thompson* v. *Boekhout*, 273 N. Y. 390.) In the case of a single employee where employer-employee relations are interrupted by differences, a labor dispute exists if the position continues, *e. g.*, where another is hired or there is an intention to fill the place at a later time, perhaps when the dispute terminates. If there is the opposite intention, namely, to conduct activities without employees then there is no employer and no labor dispute. Which situation exists depends on the facts of the particular case.

The facts here amply sustain plaintiff's position. The motion is granted. Provisions as to bond can be provided for in the order which is to be settled on notice.