OPERA ON TOUR, INC., Plaintiff, *v.* JOSEPH WEBER, as President of American Federation of Musicians, and Another, Defendants.

Supreme Court, Special Term, New York County, January 24, 1939.

*Kadel, Sheils & Weiss* [*William S. Sheils* of counsel], for the plaintiff.

*Henry A. Friedman* for the defendants.

O'BRIEN, J. This action is brought by the plaintiff, Opera on Tour, Inc., against the defendants, referred to as "Musicians Union" and "Stage Hands Union," for an injunction restraining the defendants from directing or procuring stage hands, electricians and other technicians to cease rendering service to the plaintiff.

The plaintiff, a business corporation, is engaged in rendering legitimate performances of grand opera, which are identical with other forms of grand opera with the exception that the orchestral accompaniment is produced from electrically transcribed recordings of the operatic score.

The plaintiff insists that it is within its rights to use mechanical music in its productions without interference, for without the expense of maintaining and transporting a grand opera orchestra it has been economically feasible to bring grand opera to cities and towns in the United States which otherwise could not afford this form of cultural entertainment because of the prohibitive cost.

The defendant Musicians' Union contends that the use of mechanical music as used by the plaintiff seriously affects and is detrimental to the welfare of musicians throughout the country and has sought the co-operation of the Stage Hands' Union in support of its controversy with the plaintiff. The Stage Hands' Union acceded to the request of the musicians and agreed to aid, whereupon its members withdrew from their employment and refused to work for the plaintiff.

After careful consideration of the evidence I am of the opinion that there is no existing labor dispute between the parties and there is, therefore, no justification for the defendant Musicians Union and the International Alliance, the Stage Employees' Union, to enter into any plan or scheme to prevent the plaintiff from conducting its business of producing opera through the medium of electrical accompaniment by transcribed recordings. The facts show that as to the International Alliance there is no question presented that would warrant a refusal by such union to permit its members to render services or to continue such services as are necessary to permit plaintiff to conduct its business. The conduct of the International Alliance in refusing permission to its members to render services to the plaintiff is the exercise of an arbitrary power which it has used upon the pretense that they have a right to refuse to render services because of an alleged controversy between the plaintiff and the Musicians' Union. To be sure, it is beyond the power of this court or any other court to compel by mandatory injunction the members of the International Alliance to render services to the plaintiff, but that question is not involved here, for it is the established fact that the refusal of the members

of the International Alliance is not a case where each member has refused to render service, but rather the refusal is based upon a direction or call from the union not to render any services while the plaintiff uses electrical or " canned " music in the conducting of its opera. It matters not whether such act on the part of the International Alliance is based upon a " request " or by a " demand " emanating from the Musicians' Union to it, pursuant to the by-laws written or implied to render to member unions of the American Federation of Labor such aid as is possible, to the end that any dispute or controversy existing between the plaintiff and the Musicians' Union may be terminated beneficially in the musicians' favor.

If the record here indicated that there was an honest dispute or controversy on labor questions, the acts of the International Alliance might not be questioned, as it would be within its right to render such aid in a labor dispute as will be a direct or indirect benefit to the members of the respective unions, but as there is no labor dispute the acts of the defendants seeking to invoke the aid of one another to prevent the plaintiff from conducting its business in a lawful manner is wrongful, and the concerted action on the part of the defendants establishes a conspiracy on their part to unlawfully interfere with plaintiff's business. The alleged controversy between the plaintiff and the Musicians' Union and which the International Alliance has joined without warrant of law, is not a labor dispute, but merely an economic question as to whether in the march of time the plaintiff may lawfully use canned music as a medium of conducting operas, instead of employing live musicians.

I hold that plaintiff is within its right to conduct its business in such manner, and the illegal interference by the defendants as indicated here as a group can be enjoined, thus leaving the plaintiff to obtain help outside of the union without being charged with a violation of labor union rules, where the union refuses to furnish help by its members or where the members of the union individually refuse to take employment of the plaintiff. Both defendants are, therefore, enjoined from issuing any orders or directions either in writing or verbally by which the members, particularly of the International Alliance, are prevented from rendering service to the plaintiff on the ground that canned music is a violation of any labor union rules.

Judgment, therefore, is directed in favor of the plaintiff. Settle findings on notice.