IRVING SCHWARTZ, Plaintiff, *v.* FISH WORKERS UNION OF GREATER NEW YORK, LOCAL 635, and Others, Defendants.

Supreme Court, Special Term, New York County, March 29, 1939.

*Robert Phillips*, for the plaintiff.

*Boudin, Cohen & Glickstein* [*Hymen N. Glickstein* and *Irving R· Feinberg* of counsel], for the defendants.

COTILLO, J. The plaintiff is the owner of a small retail fish store located at 4044 Broadway, New York city. His business is conducted entirely by himself and his wife. No employees are involved.

Last year the plaintiff had a contract with the defendant local. Said contract expired on February 28, 1938. But while the contract was in force the plaintiff employed one sole employee and under the terms of said contract paid said employee twenty-five dollars weekly. Business became very bad, and although the plaintiff

sought to discharge his one worker, he was not permitted to do so under the conditions of the contract. At times business dwindled to such a point that the plaintiff owner and his wife were compelled to stand idly by and watch this one employee perform services which they were eager to perform themselves but which they were prohibited from doing because of the agreement.

*The plaintiff is a member of an association of fish store employers.* At the present time there is under way negotiations for a contract between such association of employers and the defendant local. The discharge by the plaintiff of his sole employee at the termination of the contract was in no wise predicated upon such pending negotiations, but is a result entirely of lack of any business over and above that which the plaintiff and his wife could adequately perform. Under such a set of facts, is there a labor dispute?

The court is satisfied that this case involves a labor dispute, even though at the present time the defendant local concedes there is not sufficient business for the plaintiff to rehire or retain the one sole worker he had previously discharged.

The plaintiff is a member of an employer's association which has a dispute with the defendant local concerning the signing of a contract regulating terms and conditions in the retail fish peddling business. Here, even though the plaintiff discharged, because of business reasons, the one employee he had, he did not remove himself from that existing employer-employee relationship. *This distinction is important.* The court in this case is not asked, as in the *Miller* case against the same defendant, decided simultaneously herewith (170 Misc. 713), to consider an isolated employer fighting alone. Here the plaintiff has the aid of a group of employers seeking to establish and to stabilize labor relations between *many* employers and *many* employees in an industry conducted for their *mutual* benefit.

It is contended, because the plaintiff has no outside help, that no *direct employer-employee relationships are involved.* While this may be true, nevertheless the entire labor relationships with which the New York State Labor Act concerns itself *is not limited to direct employer-employee relationships. It is also concerned with vital general labor interests between groups of employers and groups of employees in this same category.* The plaintiff has chosen both to receive and retain the aid which follows from membership in his employer association group.

Do the acts complained about represent unlawful conduct? What the plaintiff complains about is misleading signs and loud talking. An injunction can issue against the printing of misrepresentations on signs to the effect that this is a lockout because there is no lockout in this case. Such statements palpably are untrue. Loud noises

are complained about too. Loud talking is too vague a concept to be of any value, standing alone, by which the court may judge if misconduct has occurred. Loud noises, if sufficiently loud, can become disorderly conduct and for this there are adequate and expedient remedies provided by our laws.

If it be argued by the plaintiff that he is being penalized for organizing in conjunction with other employers, and thereby is deprived of a right which a non-member employer has, the answer lies not in anything which this court can or may do, but the same is to be found in the statutory definition of what constitutes a labor dispute. (Labor Law [New York State Labor Relations Act], § 701, subd. 8.)

If it be argued that because of such penalties, the statute virtually prohibits the small employer from banding into associations, though the same right is directly extended to all employees under the Wagner Act, the only answer to this which this court can give, is that where there exists a precise statutory pronouncement relative to any given set of facts, the court must give heed to same.

What is involved here is a larger economic dispute between a group of employers and a labor union representing their employees. That *general relationship* is the subject-matter of this instant picketing; it is a general dispute *because no immediate employee is in existence whose wages, working hours or labor conditions needs protection.* It is a general dispute too, because the conflict is not localized between this plaintiff, Schwartz, and this defendant local. Instead it concerns a whole group of employers of which Schwartz is only one member. The defendant union is permitted to picket every member of that employer group, just as it is picketing plaintiff Schwartz' store, regardless of whether such employer members employ labor or not. By that same token, each and every employer is free to describe to the public by every legitimate means, or available publicity, *its* side in this *general* economic dispute and this is frequently done, as we know, through large newspaper advertisements inserted when labor issues arise of wide public interest.

The main contention offered by the plaintiff is that, not employing any workers, he should not be compelled to sign a labor agreement today in anticipation of a possible hiring *tomorrow*. Inasmuch as he has chosen to remain a member of a group of employers in the same industry, where his association and the defendant local are engaged in a labor dispute, the plaintiff's arguments are not adequate to deny the existence here of a labor dispute.

Petition for an injunction will be denied with the understanding that no picketing by misleading signs to the effect that a lockout exists will be conducted by the defendant local.

Motion for temporary injunction is denied.