The plaintiffs are seeking a temporary injunction to restrain the defendants from picketing their customers.
The following facts are found:
1. Prior to January 9, 1940, the plaintiffs, John Drena and Fred Drena, conducted a window cleaning business from their home, at No. 243 Windsor Street, Hartford, under the name of Star Window Cleaning Company.
2. Prior to that date, the Star Window Cleaning Company had a contract with the defendant union and employed union help when necessary.
3. On January 9, 1940, the plaintiffs, John Drena and Fred Drena, had no contract with the union and hired no employees in the operation of their business.
4. On January 9, 1940, the plaintiffs, John Drena and Fred Drena, were members of an association of independent window cleaning operators which had had disputes with the union.
5. On January 9, 1940, the plaintiffs, John Drena, Fred *Page 155 
Drena and Michael Sharkevich, formed a partnership to conduct a window cleaning business by entering into a written agreement which is in evidence and marked "Plaintiffs' Exhibit A."
6. In the conduct of their partnership business they hired no employees and have hired none since the formation of the partnership.
7. Since January 9, 1940, the partners themselves carried out all of the partnership contracts and performed, personally, all of the work necessary to carry out these partnership contracts.
8. In performing the partnership work the plaintiffs did not observe union hours, rules or regulations.
9. Since January 9, 1940, none of the plaintiffs has been a member of the defendant union.
10. The defendant union, through its officers and representatives, has demanded that the plaintiffs sign a contract with the union, and, upon their refusal to do so, has picketed the plaintiffs' customers, some of whom have cancelled their contracts with the plaintiffs, and others threaten to do so if picketing is continued.
11. The continuance of the picketing of the plaintiffs' customers will cause the plaintiffs to lose their customers and cause them irreparable damage.
12. The defendants claim that a labor dispute exists between the parties within the meaning of chapter 309a of the 1939 Supplement to the General Statutes, and that the court is precluded from granting injunctive relief.
13. There is no labor dispute at this time in the industry, trade, craft or occupation of the parties to this action.
14. If relief is not granted to the plaintiffs greater injury would be inflicted upon them by the denial of relief than would be inflicted upon the defendants by the granting of relief.
15. Substantial and irreparable injury to the complainants or their property will follow if picketing is continued.
16. The complainants have no adequate remedy at law.
Under the above statement of facts the court is of the opinion *Page 156 
that no labor dispute exists within the meaning of sections 1420e and 1421e of chapter 309a of the 1939 Supplement to the General Statutes. To come within the purview of this statute there must be some controversy between employer and employee concerning terms and conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment or employment relations. Or, under subdivision b of section 1420e, the dispute must exist in the same industry, trade, craft or occupation, with which fellow members in the same industry, but employed by competing firms, evidence their sympathy. If the court is correct in its conclusion, then it must follow that the so-called "anti-injunction statute" does not apply in the instant case and that the court has the right to grant injunctive relief.
Whether or not the court is correct in its conclusion depends upon the interpretation of the last part of subdivision c of section 1420e, which reads as follows: ".... or any controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the proximate relation of employer and employee."
A strict construction of this part of the Act might bring any dispute with a labor union within its province, thereby precluding the court from granting the relief sought. The weight of authority, however, is to the contrary.
The statute in question follows closely the provisions of the "Norris — LaGuardia Act" (Act of Mar. 23, 1932, chap. 90;47 Stat. at L. 70; 29 U.S.C.A. §§ 101-115) and similar statutes enacted in many states. Courts have, uniformly, upheld their validity and, with equal uniformity, failed to apply them to cases in which the facts appear to be as they are here.Meadowmoor Dairies vs. Milk Wagon Drivers' Union, 371 Ill. 377,21 N.E.2d 308; Muncie Building Trades Council vs.Umbarger, 215 Ind. 13, 17 N.E.2d 828; Roth vs. LocalUnion, etc., 216 Ind. 363, 24 N.E.2d 280; Evening Times,etc. vs. American Newspaper Guild, 122 N.J. Eq. 545,195 A. 378; Thompson vs. Boekhout, 273 N.Y. 390, 7 N.E.2d 674;Baillis vs. Fuchs, 258 App. Div. 919, 16 N.Y.S.2d 724;Weil Co., Inc. vs. "John Doe", 168 Misc. 211, 5 N.Y.S.2d 559; Botnick vs. Winokur, 7 N.Y.S.2d 6; Pittervs. Kaminsky, 7 N.Y.S.2d 10; Wishny vs. Jones,169 Misc. 459, 8 N.Y.S.2d 2; Gips vs. Osman, 170 Misc. 53, *Page 157 9 N.Y.S.2d 828; Opera on Tour, Inc. vs. Weber, 170 Misc. 272,10 N.Y.S.2d 83; Miller vs. Fishworkers Union ofGreater New York, 170 Misc. 713, 11 N.Y.S.2d 278;Wohl vs. Bakery Pastry Drivers, etc., 14 N.Y.S.2d 198;Kershnar vs. Heller, 14 N.Y.S.2d 595; Dorrington vs. Manning,135 Pa. Super., 194, 4 A.2d 886; Converse vs. HighwayConst. Co. of Ohio, 107 F.2d 127; Lake Valley FarmProducts, Inc. vs. Milk Wagon Drivers' Union, 108 F.2d 436;Donnelly Garment Co. vs. Int'l. L. G. W. Union,20 F. Sup. 767; Anno. 116 A.L.R. 484, 519; 120 id. 316, 324; 124 id. 751, 755.
The court has found no responsible judicial authority wherein the statutes have been held to apply to similar facts. The case of Rohde vs. Dighton, 27 F. Sup. 149, held that a labor dispute existed within the Act because the sole employee was discharged after the demand by the Union for an increase in wages. The dispute, therefore, was held to have occurred before the employee's discharge.
The case of Schwartz vs. Fish Workers Union of GreaterNew York, 170 Misc. 566, 11 N.Y.S.2d 283, was held to fall within the statute because a labor dispute existed between the union and an association of fish dealers of which the plaintiff was a member. This seems to be the strongest case favoring the defendants' position, and is good authority for their claims.
The case of Spivak et al. vs. Wankofsky et al., 155 Misc. 530,278 N.Y.S. 562, does not apply to the instant case because there it was found that the plaintiff was bound by a contract with the union which he had violated.
Other cases cited by the defendants are authority for the right of a union to conduct a secondary boycott, including the right to picket the customers of a disputant. This principle has been given judicial sanction by most courts where it has arisen, and has been sustained by this court (May 23, 1939) in the case of William Derlycia vs. Window and HouseCleaners' Union, Case No. 38,445, Court of Common Pleas. These cases are not, however, authority for the problems presented in this case.
The defendants have raised one question which has impressed the court, and with which it is in accord, and that is. *Page 158 
the use of the partnership as a subterfuge for avoiding the provisions of the statute in question. While there are suspicious circumstances surrounding the formation of the partnership, the evidence, up to this point, does not warrant a finding that it was entered into for that purpose. On its face it appears to be a bona fide transaction, entered into for a proper and honest purpose. Should the contrary appear, it would, of course, influence the court's decision.
In view of the fact that this case is of first impression in this State, it is respectfully suggested that an appeal from this decision be taken to the Supreme Court. In the meantime an injunction to prevent the picketing of the plaintiffs' customers ought to be granted in order to safeguard the plaintiffs' business. No great harm can come to the defendants if they refrain from picketing during the pendency of this case, whereas continued picketing of the plaintiffs' customers will actually put them out of business.
 For these reasons the court feels that a temporary injunction ought to issue, and it is so ordered. Plaintiffs' counsel should prepare a judgment file to be submitted to counsel for the defendants and to the court. If no further evidence is to be presented by either side, the parties may enter into a stipulation that the temporary injunction be made permanent and an appeal taken therefrom.