WILLOUGHBY CAMERA STORES, INC., Plaintiff, *v.* DISTRICT No. 15, INTERNATIONAL ASSOCIATION OF MACHINISTS, Affiliated with A. F. of L., an Unincorporated Association, et al., Defendants.

Supreme Court, Special Term, New York County, February 19, 1954.

*Benjamin Dombroff* and *Mark K. Leeds* for plaintiff.

*Vladeck & Elias* for defendants.

NATHAN, J. Plaintiff has moved for a temporary injunction against certain aspects of picketing by defendant union in front of plaintiff's premises.

The papers disclose the following. For many years plaintiff, which claims to be " the largest retailer and wholesaler of photographic equipment in the world " also operated a camera repair business on the third floor of the premises in which plaintiff maintained its store and which it owned. In the fall of 1953, plaintiff was negotiating for the sale of its camera repair business to the Archinal Company, an established camera repair concern. At the same time defendant was bringing to a successful conclusion its campaign to organize plaintiff's camera repair employees. Plaintiff consented to an election to be supervised by the National Labor Relations Board. Two days before the election plaintiff notified the board and the defendant that its repair business had been sold to Archinal, that Archinal had agreed to be bound by the pending election, and would shortly take possession of plaintiff's repair business and its equipment. This transfer took place. Archinal bought plaintiff's equipment and plaintiff leased to it the premises theretofore used by the repair department. Archinal took over the employees of the repair department but when negotiations failed, discharged some of them. Defendant was certified by the National Labor Relations Board as the representative of the employees of the Archinal Company. The present picketing results from the failure of collective bargaining between Archinal and the defendant. While Archinal is the primary object of the picketing, the plaintiff is also attacked, by word of mouth, in circulars being distributed by the pickets, and by prominent mention of its name in the picket signs.

Defendant's purpose is apparently twofold. Primarily it regards the plaintiff as identical in interest with the struck employer, the alter ego of Archinal in control of its actions, and it seeks to compel plaintiff directly, or indirectly through Archinal, to re-employ defendant's members. Secondarily, it also wishes to stop plaintiff from forwarding its repair business to Archinal.

To the extent that plaintiff is characterized as an employer of defendant's members, the picketing is false and misleading. Plaintiff denies having forwarded repair business to Archinal during the strike, citing the impossibility of doing so, but demands that it be free to do business with Archinal in the future. Apparently all that the forwarding of such business involves is the recommendation by plaintiff to its customers

that they patronize the Archinal establishment. This procedure is a natural consequence of the completed sale of the good will.

Defendant maintains that the picketing of plaintiff involves or grows out of a labor dispute as defined in subdivision 10 of section 876-a of the Civil Practice Act, and that the motion must therefore be denied, since concededly plaintiff makes no attempt to bring itself within the requirements of said section.

The court does not agree. There is no labor dispute between the parties, the plaintiff having abandoned its camera repair business. " Any business man, with or without reason, may discontinue his business, may change, alter or modify the nature of his business as he sees fit, without necessity of explanation or excuse to any one (*Paul* v. *Mencher,* 169 Misc. 657, affd. 254 App. Div. 851, leave to appeal denied 279 N. Y. 813; *Mittman & Co.* v. *Sirota,* 111 N. Y. S. 2d 100.) " (*Huron Stevedoring Corp.* v. *Grogan,* N. Y. L. J., Nov. 18, 1953, p. 1138, col. 1).

Nor may defendant assert that its purpose to force the plaintiff to refrain from giving camera repair business to Archinal is an aspect of a labor dispute within the contemplation of section 876-a of the Civil Practice Act. That purpose marks the picketing as a secondary boycott and therefore subject to injunction without regard to the propriety of the defendant's intentions with respect to Archinal. (*Feldman* v. *Weiner,* 173 Misc. 461; see *Mayer Bros. Poultry Farms* v. *Meltzer,* 274 App. Div. 169, 178.) There is no " unity of interest " or profit accruing to plaintiff from the mistreatment or underpayment, if any, by Archinal of defendant's members (see *Goldfinger* v. *Feintuch,* 276 N. Y. 281, 286, and *Feldman* v. *Weiner, supra,* p. 465).

Upon the papers submitted, defendant's activity is not a simple exercise of the right of free speech protected by the First Amendment (see *Mayer Bros. Poultry Farms* v. *Meltzer,* 274 App. Div. 169, 179, *supra*). Plaintiff's business is being injured by this economic pressure without justification in law. An injunction is not barred by section 876-a of the Civil Practice Act and will issue (*Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300, 305).

*Garner* v. *Teamsters Union,* (346 U. S. 485), is not controlling. There, the dispute was held to be about an " unfair labor practice " cognizable by the National Labor Relations Board (*Garner* v. *Teamsters Union,* 346 U. S. 488, 489, Note 5) and consequently excluded from State court jurisdiction. It does not appear that the picketing now under consideration is similarly cognizable by virtue of the subsection of the National Labor Relations Act invoked by the defendants (U. S. Code,

tit. 29, § 158, subd. [b], par. [4], cl. [A]). As against the plaintiff there is no strike as defined in the act (U. S. Code, tit. 29, § 142, subd. [2]; see *Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300, 306, *supra*). Where the act is not applicable an injunction in this court is the appropriate remedy (*Freydberg* v. *International Ladies Garment Workers' Union,* N. Y. L. J., Jan. 21, 1954, p. 8, col. 4).

Plaintiff is not in the position of " a third person, who suffers incidental injury from peaceful picketing in a labor dispute between others," (see *Schivera* v. *Long Island Lighting Co.,* 296 N. Y. 26, 32). Here plaintiff is a direct object of the picketing. To this extent plaintiff is entitled to an injunction which will not impair defendant's lawful activities.

Everything that has been said, of course, is based upon the papers presented to the court on this motion. The desirability of an immediate trial of the issues is apparent and provision therefor may be inserted in the order to be settled hereon.

Accordingly, the motion is granted to the extent of restraining defendant from using plaintiff's name on its placards or its circulars or otherwise and to the extent of attempting to dissuade customers and others from entering plaintiff's place of business or picketing in front of entrances thereto not used by Archinal. Settle order providing for a bond of $250.