Thomas A. Aurelio, J.
Plaintiffs move for a temporary injunction. Defendant cross-moves for dismissal of the complaint pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice. The plaintiffs are subsidiaries of IT. S. Hoffman Machinery Corp. Prior to November 16,1959 they were engaged in the manufacture of tin cans through employees who were members of the defendant Local 810 in the International Brotherhood of Teamsters, under contracts with that Local expiring November 16, 1959. There were negotiations prior to and subsequent to November 16, 1959. It is significant that while the defendant disputes plaintiffs’ good faith in the negotiations it is not denied that plaintiffs had made offers during the negotiations to the defendant Local 810 which were in excess of the general increase given by plaintiffs’ major competitor companies, Continental Can and American Can. The plants of the plaintiffs have been dismantled and the manufacturing operations discontinued under the claimed economic pressure and for economic reasons. Plaintiffs’ establishments are now engaged exclusively in warehousing and distribution of the warehoused merchandise. Plaintiffs now employ no persons engaged in the performance of manufacturing operations. Its operations are now serviced by Advance Trucking Corporation whose employees are members of Local 807, also affiliated with International Brotherhood of Teamsters. Advance Trucking Corporation is under contract with Local 807 of the International Brotherhood of Teamsters. While the defendant seems to contend that there has been no dismantling, nevertheless, it insists that certain machinery was removed from the plants of the plaintiffs to other plants operated by other subsidiary corporations of U. S. Hoffman Machinery Corp. and located respectively in New Jersey and Pennsylvania.
*638 A further claim is made by the plaintiffs that the picketing activity is attended with acts of violence. The defendant seems to assert that the violence, if any, is fomented by the employees of Advance Trucking Corporation. Some of the employees of Advance Trucking Corporation have made affidavit in behalf of the plaintiffs attesting to acts of violence by those on the picketing line, whereas, many other employees of the trucking corporation and members of Local 807 deny any acts of violence, intimidation, coercion, or threat. What the truth may be with respect to this issue, if relevant, it is notable at least that the members of Local 807 have seen fit to cross the picket line of defendant Local 810.
The defendant contends that the court is without jurisdiction since there is pre-emption in favor of the Federal jurisdiction. If in fact there is no lockout and no strike and there exists no lawful objective warranting picketing activity then the State court is not without jurisdiction. In this connection defendant places reliance upon that action brought in the State of New Jersey by the subsidiary Commercial Can Corporation. Plaintiff there obtained a temporary restraining order enjoining the defendant union from picketing and after hearing, the temporary restraining order was continued. The matter was removed by the union from the State court to the United States District Court, District of New Jersey, whereupon the union petitioned for the vacatur of the restraining order. The plaintiff there moved for a remand with the result that the part of the action dealing with the demand for damages was not remanded and the motion was denied and the part of the action seeking an injunction was remanded to the State court and the motion was granted. Consequently, it appears from that case upon which this defendant relies that the State court took and was permitted to retain jurisdiction.
In the circumstances here the court not only has jurisdiction, but the complaint is sufficiently supported to warrant temporary injunctive relief. As stated in G., H. & E. Freydberg, Inc. v. International Ladies’ Garment Workers Union (128 N. Y. S. 2d 470, 472): “I think it plain that there was no lockout and no strike, that the picketing is merely an attempt to coerce plaintiff into maintaining a factory in New York, that that is not a lawful labor objective, that there consequently is no labor dispute or any controversy involving labor relations, and that the picketing, even if peaceful, is unlawful because it is an attempt to injure plaintiff by subjecting it to economic pressure without justification in law
*639 So, also, it was held in Garnett Upholstering Co. v. Kessler (157 N. Y. S. 2d 420, 421-422) where the court stated: “ The plaintiff had a right to close down its factory or change or modify the nature of its business as it saw fit. The union may not lawfully picket an employer to prevent him from discontinuing his business or changing it ’ ’. In situations of this character it is well established that the State courts are warranted in enforcing police power and public policy and that there is no Federal pre-emption (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40; Metzger Co. v. Fay, 4 A D 2d 436).
At the time when this matter was considered and the indicated disposition was reached, the court was requested to suspend determination. Thereafter the matter was reactivated with additional submission. It will be recalled that the contract expired on November 15, 1959, and the dismantling and discontinuance of manufacturing operation occurred in December, 1959. Such operation has not been resumed at this time. The labor practice charged, filed by the defendant in December, 1959, and as amended January 19, 1960, stated, in fact: “ On or about December 15,1959, Eespondents Fein and Atlas terminated their manufacturing operations at their Brooklyn plant and removed their equipment and operations to a different location outside the State of New York.” There can be no question of the right of an employer upon any motive and without requirement of explanation to discontinue operation. As stated in Willoughby Camera Stores, v. District No. 15, Int. Assn. of Machinists (205 Misc. 455, 458): “ There is no labor dispute between the parties, the plaintiff having abandoned its camera repair business. ‘ Any business man, with or without reason, may discontinue his business, may change, alter or modify the nature of his business as he sees fit, without necessity of explanation or excuse to any one (Paul v. Mencher, 169 Misc. 657, affd. 254 App. Div. 851, leave to appeal denied 279 N. Y. 813; Mittman & Co. v. Sirota, 111 N. Y. S. 2d 100.) ’ (Huron Stevedoring Corp. v. Grogan, N. Y. L. J., Nov. 18, 1953, p. 1138, col. 1).” The closedown resulted, as claimed, from coercion and economic necessity, defendant having refused to accept an offer higher than the general increase given by plaintiffs’ major competitors. Strike activity following termination of the contract and of the business operation was not a lawful objective and had the coercive purpose to compel plaintiffs to resume manufacturing operations and to repudiate their purpose to warehouse and to distribute. While, as stated, plaintiffs found the new operation to be wasteful and costly and defendant *640 continued in its coercive strike activity, plaintiffs made what appears to be a bona fide approach to the union and to its members for the resumption of relations with the 500 employees who had abandoned their employment upon termination of the contract. No advance from the union or its members were forthcoming. Continuance of the unlawful and coercive strike activity is not, in these circumstances, legally permissible.
The motion is granted and the cross motion is denied.