FRANCIS H. LEGGETT & CO., Plaintiff,

v.

John J. O'ROURKE, etc., et al., Defendants.

United States District Court
S. D. New York.
Oct. 22, 1964.

Nordlinger, Riegelman, Benetar & Charney, New York City, for plaintiff; Robert C. Isaacs, New York City, of counsel.

Cohen & Weiss, New York City, for defendants; Bruce H. Simon and Stanley M. Berman, New York City, of counsel.

COOPER, District Judge.

Plaintiff moves for an order pursuant to 28 U.S.C. § 1447(c) and Rule 9 F.R. Civ.P. remanding this proceeding to the Supreme Court of the State of New York.

The collective bargaining agreement between the parties expired on August 31, 1964. On September 1, 1964, the same day that plaintiff discontinued its trucking operation, the union began the activities from which the plaintiff seeks relief.

On September 23, 1964, plaintiff commenced an action in the Supreme Court of the State of New York. An order to show cause why a temporary injunction should not issue out of that Court, made returnable September 25, 1964, was served on September 23, 1964. Pursuant to 28 U.S.C. § 1441 defendant removed the action to this Court on September 27, 1964 by filing a petition and bond for removal. On October 6, 1964 this Court heard argument on plaintiff's motion for remand.

Plaintiff's motion challenges this Court's jurisdiction. 28 U.S.C. §§ 1441, 1447.

■ The district courts have jurisdiction over actions arising under "any Act of Congress regulating commerce." 28 U.S.C. § 1337. The Labor Management Relations Act is such an act. 29 U.S.C. § 141.

Section 187 of the Act as amended provides that it shall be unlawful "in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in § 158(b) (4) of this title," and that anyone injured in his business or property by reason of any such violation may sue in any district court of the United States and "shall recover the damages by him sustained. . . ."[1]

■ If the activities a state purports to regulate *arguably* constitute an unfair labor practice, due regard for federal enactment requires that state jurisdiction yield. San Diego Building Trades Council etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

The narrow issue before this Court is not whether the union's activities do in fact constitute an unfair labor practice, but rather if they are arguably unfair labor practices.

In pertinent part, § 158(b) (4) provides that it shall be an unfair labor practice for a labor organization or its agents,

"* * * (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

*   *   *   *   *   *

"(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with another person * * * *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

*   *   *   *   *   *

"(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or

---

1. Plaintiff concedes that it is involved in "an industry or activity affecting commerce."

class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work * * *."

In the instant case, it seems clear that the activities of which plaintiff complains are, at the very least, arguably unfair labor practices, for the complaint alleges that defendant has placed pickets at the premises of plaintiff and has "wilfully, maliciously, and unlawfully blocked entrances" by "lying down in the road way and in the path of trucks and vehicles attempting to make normal deliveries." (Complaint, ¶ fifteen); that defendant "has interfered with and prevented the entry and departure of persons who desired to visit the premises of plaintiff for the purpose of doing business with plaintiff." (Complaint, ¶ sixteen); that defendant's acts "are part of a scheme to force or require plaintiff to resume its own trucking operations and to reemploy the truckdrivers and helpers formerly represented by defendant Union." (Complaint, ¶ eighteen.)

■ The intent of plaintiff to seek relief based upon state law is irrelevant. If it has asserted a federal claim, this Court has jurisdiction of it regardless of plaintiff's realization thereof when the complaint was drawn. Fay v. American Cystoscope Makers, Inc., 98 F.Supp. 278, 281 (S.D.N.Y. 1951).

In its prayer, plaintiff clearly indicates it is seeking relief from an 8(b) (4) (ii) violation:

"1.   That defendants * * * be, jointly and severally, enjoined, restrained and prohibited from:

"(e)   Attempting to induce, persuade or intimidate any person, association, firm or corporation, to initiate or continue any

agreement, or take any other action, with the intent to fail or refuse to perform services for plaintiff or to interfere in any manner with the operation of plaintiff's business * *."

■ Coupling plaintiff's averments and prayer, the complaint clearly states a cause of action which, at the very least, is arguably an unfair labor practice.[2]

■ This Court is not divested of jurisdiction by plaintiff's failure to specifically request damages. It is impliedly contained in its prayer for "such other and further relief in the premises as to the Court may seem just and proper." Tri-Boro Bagel Co. v. Bakery Drivers Union Local 802, D.C., 228 F.Supp. 720, n. 3. Cf. Atkinson v. Sinclair Refining Company, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

Plaintiff places great reliance upon Fein Can Corp. v. Pastor, 206 N.Y.S.2d 409 (Sup.Ct.N.Y.Co.1960) where Mr. Justice Aurelio in his opinion points to G. H. & E. Freydberg, Inc. v. International Ladies' Garment Workers' Union, Sup., 128 N.Y.S.2d 470 and Garnett Upholstering Co. v. Kessler, Sup., 157 N.Y.S.2d 420. These cases, however, not only were decided before the 1959 amendment to the Act which added § 158(b) (4) (ii), but antedate San Diego Building Trades Council v. Garmon, supra. We are not constrained to follow the rulings in the state cases cited.

■ This Court is without power to grant the injunctive relief sought. Norris-LaGuardia Act, 29 U.S.C. § 101 et seq. Marine Cooks and Stewards, AFL v. Panama S.S. Co., 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797, rehearing denied 363 U.S. 809, 80 S.Ct. 1235, 4 L.Ed. 2d 1151 (1960).

Motion to remand denied.

Settle order promptly on five (5) days notice.

2.   The N.L.R.B. letter of September 18, 1964 is not determinative because plaintiff does not limit his relief to the one corporation named therein.