Anthony J. Ferraro, J.
Plaintiff makes this application for a preliminary injunction enjoining the defendants from physical obstruction and threats of violence or similar unlawful acts of interference with the ingress and egress of vehicles and persons at plaintiff’s plant located in the Village of Hastings-on-Hudson, New York, and limiting the number of pickets at the entrance to plaintiff’s facility to not more than two pickets at all times.
The defendants are former employees of the plaintiff and their local union.
Plaintiff has been engaged in the manufacture of electrical wire and cable at its Hastings plant for many years. In May of this year it announced its intention to close the plant at the *735 end of June, 1975 for economic reasons. The termination of the union contract coincided with the plant shut down.
Plaintiff has submitted affidavits of its plant manager, acting plant superintendent and personnel manager delineating a course of conduct and a series of acts interfering with the removal of machinery, equipment and finished products from the Hastings plant in execution of its termination of business thereat.
Defendant contends: (1) that the controversy involves a labor dispute within the purview of section 807 of the New York State Labor Law proscribing the issuance of an injunction by this court; and (2) that the right to picket is protected by the Fourteenth Amendment of the United States Constitution regardless of the existence of a labor dispute.
The court recognizes that peaceful picketing is an exercise of the right of free speech protected by the Constitution. (Cafeteria Union v Angelos, 320 US 293; Senn v Tile Layers Union, 301 US 468.) Courts should be ever vigilant to protect those precious freedoms sagaciously delineated by our ancestors and ever valiantly defended by our predecessors from time beyond memory. Faithful, devoted, loyal and hard working members of the Hastings facility who devoted years of service to their company have reason to feel outraged by sudden termination and are entitled to express consternation at severance without compensation, pension or reward. The court will not deny them this right. They will not be deprived of the freedom to proclaim their plight to the whole world if that is their wish.
The court must also recognize that plaintiff has certain constitutional rights. Unless those rights are likewise preserved the term "equal justice under law” will be reduced to the level of a mere aphorism. The plaintiff has the right, with or without reason, to change, alter, modify or indeed discontinue a business operation without necessity of explanation or excuse. Defendants may not don the cloak of freedom and then proceed to transgress upon the constitutional rights of the plaintiff. The plaintiff must be afforded the unobstructed right to dismantle its discontinued operation, move its machinery and equipment and transfer its finished product.
Plaintiff’s decision to terminate its operation may not be challenged by the employees or transformed into a labor dispute. There can be no labor dispute when there is no labor and no place to perform it. Nor may a termination of business *736 be construed as a lock-out. Employees cannot be locked out of a nonexistent plant. Nor may employers be penalized for an exercise of the free right to terminate. (Willoughby Camera Stores v District No. 15, Int. Assn. of Machinists, 205 Misc 455; G., H. & E. Freydberg, Inc. v International Ladies Garment Workers Union, 128 NYS2d 470; Garnett Upholstering Co. v Kessler, 157 NYS2d 420.)
Since there is no labor dispute the court is not proscribed to issue a temporary injunction by section 807 of the Labor Law. The remaining issue presented is the extent of defendants’ rights under the Fourteenth Amendment of the Federal Constitution. Such rights must be limited to lawful acts unattended by violence, coercion or oppressive conduct. (See Bakery Drivers Union v Wohl, 315 US 769, 771.) The Constitution obviously would not sanction violations of State law such as trespass, obstruction of ingress or egress to private property, threats of violence and actual violence itself. The defendants are therefore authorized to engage in peaceful picketing or other lawful means of communication but are restrained from trespassing on plaintiff’s property, obstructing free ingress thereto and egress therefrom and committing or threatening acts of violence.
The court cannot comply with the plaintiff’s request that pickets be limited to two in number. Two pickets can engage in as many illegal acts (and in fact are alleged to have done so) as 10 pickets can engage in legal ones. It is the conduct and not the numbers which must control.
Likewise the court does not agree with defendants’ contention that isolated, illegal and improper acts should not deprive them of their constitutional rights. Even the slightest illegal or improper act dampens the fiery right to exercise the freedom and casts a darkening shadow upon the enlightened path of constitutional rights. This order will restrain even the slightest illegal, improper, or isolated violative act. (Florsheim Shoe Store Co. v Retail Shoe Salesmen’s Union, 288 NY 188; Baillis v Fuchs, 283 NY 133; Busch Jewelry Co. v United Retail Employee’s Union, 281 NY 150.)