FRED REINMAN et al., Appellants, v. ISIDORE JAFFE, as Treasurer of the Provision Salesmen & Distributors Union, Local 627, A. F. of L., et al., Respondents.— Action by certain individuals who claim to be independent entrepreneurs, in the business of buying pork cuts and dairy products at wholesale and selling them at a profit to retail stores, against a labor union and certain of its delegates for an injunction restraining them from picketing plaintiffs and wholesale and retail business establishments with which plaintiffs do business; from carrying out certain aims and objectives which are, in the main, the forcing of plaintiffs to become members of said union and to remain such members; and from representing that the controversy between the parties is a labor dispute. The appeal is by plaintiffs from so much of an order as granted defendant union's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, pursuant to rule 106 of the Rules of Civil Practice. It is undisputed that the judgment dismissing the complaint, entered in accordance with said order, is also brought up for review, although not mentioned in the notice of appeal, in pursuance of the provisions of section 562 of the Civil Practice Act. Order modified on the law by striking from the second and third ordering paragraphs the word " granted " and by substituting therefor the word " denied "; and by adding thereto a provision that the defendants may serve an answer within ten days after the entry of an order hereon. As so modified, the order is affirmed, with $10 costs and disbursements to appellants. The judgment entered on the order appealed from is reversed. Since the complaint does not indicate that plaintiffs are involved in any employer-employee relationship, the case does not appear to be one growing out of a labor dispute as contemplated by the provisions of section 876-a of the Civil Practice Act (*Angelos* v. *Mesevich,* 289 N. Y. 498; *Thompson* v. *Boekhout,* 273 N. Y. 390; *Singer* v. *Kirsch Beverages,* 271 App. Div. 801), and therefore the complaint is not defective by reason of omission of certain allegations required to be pleaded by said section in such cases. The complaint sufficiently alleges violations of section 340 of the General Business Law and certain acts of force and violence, and other practices, which, if established upon a trial, might entitle plaintiffs to relief. Although the cited statute is, by its terms, wholly inapplicable to the formation and activities of a bona fide labor union (*Rochette & Parzini Corp.* v. *Campo,* 301 N. Y. 228, 231; *People* v. *Gassman,* 295 N. Y. 254, 259), the proscriptions of the statute are applicable to activities, even on the part of such unions, in aiding nonlabor groups to violate the same (*De Neri* v. *Gene Louis, Inc.,* 261 App. Div. 920, affg. 174 Misc. 1000, mod. on other grounds 288 N. Y. 592; *Manhattan Storage & Warehouse Co.* v. *Movers & Warehousemen's Assn.,* 262 App. Div. 332;

*Falciglia* v. *Gallagher,* 164 Misc. 838; cf. *Allen Bradley Co.* v. *Union,* 325 U. S. 797, 808). Whether plaintiffs are such non-labor entities, or constitute such non-labor group, depends on whether each of them has become " so much an enterpriser that he can no longer enjoy the statutory privileges of a ' working-man ' " (*People* v. *Gassman, supra,* p. 261). That is a matter for determination at trial. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.