260 MADISON AVENUE CORP. et al., Respondents, *v.* FRANK NELSON, as President of Local 164, Office & Loft Superintendents Union, Building Service Employees International Union, A. F. L., et al., Appellants.

First Department, June 8, 1954.

*Aaron Benenson* of counsel (*Arnold R. Strait* with him on the brief; *Benenson & Israelson,* attorneys), for appellants.

*Jacob P. Rosenbaum* of counsel (*Aaron L. Solomon* and *Solomon H. Friend* with him on the brief; *Solomon & Rosenbaum,* attorneys), for respondents.

*Per Curiam.* The defendant union picketed two buildings owned by plaintiffs with signs complaining that the owner and its agents were unfair to the union. One building (260 Madison Ave.) was occupied by tenants, and the other (261 Madison Ave.) was in the course of construction and approaching completion. It appears that union employees were hired for all positions, except superintendent. Concededly, the cause of the picketing was the employment of a superintendent who was to be in charge of both buildings, but was not a union member. The desire of defendant was either to get a contract for the

employment of a union superintendent or to have the employer consider the qualifications of defendant's members for the position.

The position of superintendent was an executive one carrying a salary of $9,000 a year. The superintendent was in complete control of two large office buildings in the heart of New York, and had under him 102 operating and maintenance employees in the finished building alone. He was provided with an office for the conduct of his business and had his own secretarial service. He had charge of hiring and firing of all subordinate employees, the letting of contracts for maintenance and repair and general management and control of these two buildings of twenty-one and twenty-seven stories, respectively.

The majority of the tenants are engaged in interstate commerce, and jurisdiction of any labor dispute concerning building employees would rest with the National Labor Board. The National Labor Relations Act as amended by the Labor Management Relations Act, 1947 (Taft-Hartley Law) provides in subdivision (3) of section 2 that " The term ' employee ' * * * shall not include * * * any individual employed as a supervisor ". (U. S. Code, tit. 29, § 152, subd. [3].) Subdivision (a) of section 14 of the amended act (U. S. Code, tit. 29, § 164, subd. [a]) provides that any individual employed in a supervisory capacity may become a member of a labor union, " but no employer subject to this Act shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining."

Thus, the Taft-Hartley Law provides that a supervisory employee may become a union member, if he so desires, but his employer may not be compelled to treat him as an employee for collective bargaining purposes regardless of any provision of national or local law.

In our opinion, it follows as a necessary corollary that the Federal statute intended that a union may not compel an employer to engage one of its members for a supervisory position of the present nature and picket the employer's business if that relief is denied. The right of the supervisory employee to join the union is coupled with a direction that the employer may not be compelled to deem such a person an employee for collective bargaining purposes. It would seem to follow that the choice of the employee to join or not to join a union is to be unfettered by any economic pressure on himself or the

employer. Apparently, the rationale of the statute is that supervisory employees of supervising rank are to be deemed part of management for the purposes of collective bargaining. It would seem illogical, where their own jobs are concerned, to construe the statute as placing such employees on labor's side to the extent of compelling or inducing them to join a union by means of a picket line.

The Senate report on the Taft-Hartley Law said that it was contrary to the national policy to compel employers who are subject to the national board to treat supervisors as employees for the purpose of collective bargaining *or organizational activity* (Senate Report No. 105, 80th Congress, p. 24 [emphasis supplied]).

The only reported case called to our attention where this precise question was considered (*Safeway Stores* v. *Retail Clerks Int. Assn.*, 261 P. 2d 721 [Cal.]), appears to have been decided as a matter of local policy under California law.

We find that picketing in this case did not encompass a lawful labor objective, and that there was no labor dispute within the meaning of section 876-a of the Civil Practice Act.

The orders appealed from should be affirmed, with costs to respondents.

DORE, J. P., COHN, CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements to the respondents.