ARNOLD BAKERS, INC., et al., Respondents, *v.* JOHN STRAUSS, as President, and ROBERT J. SULLIVAN, as Treasurer, of Bakery and Pastry Drivers & Helpers Local 802, American Federation of Labor, an Unincorporated Association, Appellants.

Second Department, June 4, 1956.

*Samuel J. Cohen* for appellants.

*Arthur F. Gaynor, Frederick P. Close* and *Robert G. Fanelli* for respondents.

MURPHY, J. Respondent Arnold Bakers, Inc., hereinafter referred to as " the bakery ", manufactures bread and other bakery products at its plant in Port Chester, New York. The products are made by employees who are members of a union which has been duly certified by the National Labor Relations Board. There is no dispute between the bakery and such employees. The bakery sells its products throughout the northeastern States to so-called wholesalers. These wholesalers within defined areas are vested by the bakery with the right to sell its products to distributors. The distributors personally sell and distribute the products to retailers. Respondents Arnold Bread Sales Corporation, Chester Plains Distributors,

Inc., Buckley, Craft and Jablow are such wholesalers, and the remaining individual respondents are such distributors.

Bakery and Pastry Drivers & Helpers Local 802, American Federation of Labor, sued here by its president and treasurer, is composed of deliverers employed by bakers which sell directly to retail stores. It is the objective of the union to organize the distributors, i.e., it seeks, by incorporating them into the union as members, to determine the terms and conditions under which they shall operate. On September 24, 1954, members of the union commenced to picket stores which purchase products of the bakery from the distributors. By means of sandwich signs they advised that such products are not delivered by union drivers and urged the public to buy " union delivered products ". They also circulated handbills which stated that the union represents delivery employees of all outstanding bakeries " except Arnolds " and which appealed to the public for help in the effort of the union to organize " Arnolds employees " and thus to protect the American workman's standard of living by buying union products only.

Respondents immediately instituted an action for an injunction, alleging that the picketing constitutes a boycott of the customers of self-employed distributors with statements falsely implying that the distributors are employees of the bakery at a substandard wage and that employees of the bakery are not union members, and moved for an injunction *pendente lite*. The union cross-moved to dismiss the complaint for lack of jurisdiction on the ground that jurisdiction is exclusively vested in the National Labor Relations Board. The union opposed the motion for the injunction on the ground that respondents had not complied with section 876-a of the Civil Practice Act. Respondents admit noncompliance but assert that the controversy is not a labor dispute within the meaning of section 876-a because an employer-employee relationship is not involved. The union regards the foregoing alleged contractual relationship between the bakery and the wholesalers on the one hand, and the wholesalers and the distributors on the other, as a device with which to cloak the true status of the distributors. The union claims that the distributors are employees.

The status of the distributors is an issue of fact to be determined at the trial. It cannot be held, however, that it was beyond the province of Special Term to determine that " the facts presented in the papers on this motion " (for the temporary injunction) warranted the conclusion " that the distributors herein are bona fide, independent enterprisers ". The standard type of distributor franchise produced by the union

fortifies prima facie respondents' allegations that the distributor procures his own customers under conditions of his own making at his own expense and that his business is a saleable asset. There is no factual support for the statements of the president of the union that the distributor is subject to a number of unwritten rules and conditions and must submit to continuous supervision.

. The prime question here presented is whether the conduct of the union comes within the exclusive jurisdiction of the National Labor Relations Board under the provisions of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, §§ 141–197), hereinafter referred to as ''the labor act ''.

As even intrastate picketing by the union could reasonably have a disruptive effect upon the interstate commerce of the bakery, there is Federal jurisdiction of the controversy (*United Brotherhood of Carpenters* v. *Sperry,* 170 F. 2d 863, 868). But '' the state may legislate freely upon those phases of the commerce which are left unregulated by the nation.'' (*Cloverleaf Co.* v. *Patterson,* 315 U. S. 148, 155.) Section 158 of the labor act is pervasive as to contrasting unfair practices by an employer and by a union. Unless conduct complained of is within the scope of the unfair labor practices therein enumerated, it is to be deemed lawful (*Garner* v. *Teamsters Union,* 346 U. S. 485; *Weber* v. *Anheuser-Busch,* 348 U. S. 468). Thus, persuasion by a union of its own members to refrain 'from delivering trailers as part of the work assigned to them by their employers is conduct to be weighed by the National Labor Relations Board in accordance with the provisions of the labor act (*Teamsters Union* v. *New York, N. H. & H. R. Co.,* 350 U. S. 155). Authority to the contrary holding that a State has supplementary jurisdiction where an asserted unfair practice is not to be found in the labor act, must be deemed overruled *pro tanto* (e.g., *Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300). When the subject matter is within the scope of that act a State may assume jurisdiction only in accord with its traditional power to curb conduct which is intrinsically unlawful, e.g., mass picketing and violence (*Allen-Bradley Local* v. *Board,* 315 U. S. 740) and unannounced and malicious work stoppages (*Auto. Workers* v. *Wisconsin Bd.,* 336 U. S. 245).

The labor act, however, did not pre-empt the field of industrial relations over which there is Federal jurisdiction afforded by the commerce clause (*Garner* v. *Teamsters Union,* 346 U. S. 485, 488, *supra*; *Weber* v. *Anheuser-Busch,* 348 U. S. 468, 480, *supra*). The labor act is limited to jurisdiction of the employer-employee relationship. It has to do, as its title shows, with labor

management. Its declarations as to purpose and policy are confined to the employer-employee relationship (§§ 141, 151). It expressly provides that " any individual having the status of an independent contractor " is without the periphery of the term " employee " as used therein (§ 152, subd. [3]). The unfair practices enumerated in section 158 are those of employer and union. The only jurisdiction of entrepreneurs, other than as employers, afforded by the labor act is of those who, in a true and realistic sense, are employees, e.g., peddlers (*Drivers' Union* v. *Lake Val. Co.,* 311 U. S. 91; *Bakery Drivers Local* v. *Wohl,* 315 U. S. 769; *People* v. *Gassman,* 295 N. Y. 254; *Bernstein* v. *Madison Baking Co.,* 266 App. Div. 839, motion for leave to appeal denied 291 N. Y. 827; *Singer* v. *Kirsch Beverages,* 271 App. Div. 801); newsboys (*Board* v. *Hearst Pub.,* 322 U. S. 111), and entertainers (*Ardita* v. *Bright,* 283 App. Div. 874).

On the present record the distributors must be deemed to be bona fide businessmen. They handle a product with which the members of the union have nothing to do. Their status is analogous to that of the independent fishermen in *Columbia River Co.* v. *Hinton* (315 U. S. 143), and of the jobbers in *Reinman* v. *Jaffe* (280 App. Div. 837), both cases holding there was no labor dispute; of truck drivers who own their own trucks (as do these distributors) and conduct their own businesses (*United States* v. *Silk,* 331 U. S. 704), and of fur trappers (*National Labor Relations Bd.* v. *Steinberg,* 182 F. 2d 850).

Where there is room for a finding of fact as to whether a purported entrepreneur is, in substance, an employee within the purview of the labor act, the question may be one for the National Labor Relations Board in the first instance (*Capital Service* v. *Labor Bd.,* 347 U. S. 501; *National Labor Relations Bd.* v. *Chauffeurs, Teamsters,* 212 F. 2d 216). Such an issue is not presented on this record. It follows that the State court has jurisdiction.

Nor is this controversy a labor dispute within the meaning of section 876-a of the Civil Practice Act. There can be no such labor dispute without a hiring (*Thompson* v. *Boekhout,* 273 N. Y. 390; *Baillis* v. *Fuchs,* 283 N. Y. 133, 137; *Gips* v. *Osman,* 170 Misc. 53, affd. 258 App. Div. 789; *Kershnar* v. *Heller,* 259 App. Div. 850, motion for leave to appeal denied 283 N. Y. 775), and without a lawful objective (*American Guild of Musical Artists* v. *Petrillo,* 286 N. Y. 226; *260 Madison Ave. Corp.* v. *Nelson,* 284 App. Div. 254).

In view of the determination of the Special Term, on the motion for the temporary injunction, that the distributors are

enterprisers and not employees, the conduct o'f the union was properly restrained. The picketing of customers of the distributors, rather than a mere method of dissemination of information (cf. *Cafeteria Union* v. *Angelos,* 320 U. S. 293), was an illegal boycott and subject to restraint (*Auburn Draying Co.* v. *Wardell,* 227 N. Y. 1; *United Brotherhood of Carpenters* v. *Sperry,* 170 F. 2d 863, 868, *supra*; *Auto. Workers* v. *Wisconsin Bd.,* 336 U. S. 245, *supra*; *Teamsters Union* v. *Hanke,* 339 U. S. 470).

The orders should be affirmed, with $10 costs and disbursements.

NOLAN, P. J., WENZEL, UGHETTA and KLEINFELD, JJ., concur.

Orders affirmed, with $10 costs and disbursements.