## (January 31, 1980)

■ Bellacicco & Sons, Inc., Respondent, v Blueprint, Photostat, Photo Employees & Drivers, Local 966, et al., Appellants.—In an action for a permanent injunction involving a labor dispute, defendants appeal from an order of the Supreme Court, Queens County, dated November 8, 1979, which denied their motion to vacate a preliminary injunction. Order reversed, on the law, with $50 costs and disbursements, motion granted and preliminary injunction vacated. The defendant union is involved in an effort to organize certain franchise distributors of the product of plaintiff, Bellacicco & Sons, Inc. On July 3, 1979 the union began to picket plaintiff's plant claiming that plaintiff's employees were on strike. On July 5, 1979 plaintiff obtained a temporary restraining order against the picketing pending a hearing. On July 12, 1979 a memorandum was issued by Special Term on a further motion for a temporary restraining order pending a trial. The court stated that it found no bona fide labor controversy with any franchise distributor. Moreover, it found that there was no employer-employee relationship between plaintiff and the franchise distributors and no labor dispute among Bellacicco, the distributors and the union. Special Term assumed jurisdiction, found that tortious acts were being committed and that a restraining order should be issued pending trial. On August 10, 1979 a preliminary injunction was issued by Special Term. On July 18, 1979 the defendant union applied to the National Labor Relations Board for a representation hearing. Hearings were held on August 7, 13 and 14, 1979. On September 28, 1979 the NLRB regional director issued a decision in which he held that the franchise distributors were employees and scheduled a representation election. On October 11, 1979 Bellacicco requested review of the decision by the full NLRB. On October 25, 1979 the appeal was accepted and the election postponed. The defendant union moved, by order

to show cause dated October 5, 1979, to vacate the preliminary injunction based on the regional director's decision. In a decision dated October 23, 1979 Special Term stated that the motion was denied. The court noted that the NLRB decision was directly contrary to the court's prior opinion, was not a final order and was being appealed to the full NLRB. It held that because of the risk of irreparable injury, the preliminary injunction should stand pending a final determination of employee status. An order embodying the decision was issued on November 8, 1979. The order must be reversed. Special Term lacked the jurisdiction to determine the status of the franchise distributors as employees or independent contractors. This was a decision to be made in the first instance by the NLRB (see *Hanna Mining v Marine Engrs.,* 382 US 181; *Packard Co. v Labor Bd.,* 330 US 485). Moreover, if Special Term had the jurisdiction to act initially, its jurisdiction certainly was pre-empted after the decision by the regional director of the NLRB. Special Term's refusal to vacate the preliminary injunction on a motion made subsequent to that decision constituted an impermissible review of the NLRB decision. Jurisdiction was properly with the NLRB and Special Term lacked jurisdiction to enjoin the picketing (see *San Diego Unions v Garmon,* 359 US 236). To the extent that *Arnold Bakers v Strauss* (1 AD2d 604) held to the contrary, it is hereby overruled. We note that *Arnold Bakers* was decided prior to the decision of the United States Supreme Court in *San Diego Unions v Garmon (supra).* Mollen, P. J., Hopkins, Damiani and Cohalan, JJ., concur.